No. 671.

## KIPHART v. THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

STREETS AND ALLEYS.—*Assessments for Improvements.*—*Notice.*—*Void Assessment.*—*Collateral Attack.*—Where proceedings are instituted for the improvement of a street in an incorporated town or a city, the law requiring notice of assessment of property to defray the expense of such improvement must be substantially complied with, or the assessments will be void, notice being necessary to give jurisdiction of the property and the person of the owner, and, consequently, to the validity of the lien itself. And the assessments being void, they are subject to collateral attack. But in such case, where some notice has been given, and the tribunal making the assessment determines that the notice is sufficient, the property-owner will not, as a rule, be permitted to attack such proceeding collaterally.

From the Delaware Circuit Court.

*W. S. Diven, E. B. McMahn* and *H. C. Ryan,* for appellant.

*C. H. Burchenal* and *J. L. Rupe,* for appellee.

REINHARD, J.—The appellant was a contractor for the improvement of a street in the city of Anderson, and he brought this action for the enforcement of a lien against the appellee's right of way. The improvement was made by the city authorities, under proceedings of the common council of said city, commenced at the instigation of owners of abutting property. This action was commenced in the Madison Circuit Court, where the venue was changed to the court below. The cause was tried by the court, and there was a finding for the defendant below, who is the appellee here.

The questions presented by the appellant's assignment of errors arise on the overruling of demurrers to the answers, and on exceptions to the conclusions of law upon the special findings.

The overruling of the demurrer to the complaint is assigned as cross-error by the appellee.

Among the special findings of the court is one to the effect that no notice of any kind whatever was given the appellee or any one else by the council of its proceedings to improve said street.

Was such notice necessary to the validity of the assessments, and can the omission be made available as against the contractor in a proceeding by him to have the lien declared and enforced?

The proceedings to improve the street were commenced by petition in the city council, on the 14th day of October, 1889.

The act of the General Assembly relating to street improvements was approved and became a law on the 8th day of March, 1889.   Acts 1889, p. 237.

This act, before it was amended by the law of 1891, provided (section 2) that whenever a city or town should deem it necessary to make such improvements as are covered by the act, the council or board of trustees should declare, by resolution, the necessity therefor, etc., and that notice, for ten days, of the passage of such resolution, should be given in some newspaper of general circulation in such city or town, stating the time and place, when and where the property-owners along the line of the proposed improvement could make objections to the necessity for the construction thereof.

Section 7 provides that two weeks' notice shall be given in two newspapers of opposite politics of the assessments to be made, and persons aggrieved have the right to appear and make objections, etc.

These provisions were in full force when the proceedings involved in this case were had.   The fact that prior laws, though they may be still in force in some of their features, did not require such notices, can, it seems to

us, furnish no argument that notices were not required when these improvements were made. If such notices could be dispensed with under the plea that the proceedings were conducted under the old law, which did not require them, we can conceive of no case where this could not be done, and the result would be the nullification of such requirement for notices entirely.

The only serious question in connection with this point, as we see it, is whether failure to give either or both of these notices will render the assessments void. Doubtless the attack upon the validity of the assessments is a collateral one, and can not avail the defendant in a suit to enforce the lien, unless the requirement is one essential to the jurisdiction, and consequently to the validity of the lien itself.

Notwithstanding the general rule that statutes by which the property of the citizen is taken from him for public purposes require a strict construction, the laws governing the proceedings to be had in making improvements of this character have been most liberally construed by our Supreme Court. It has been settled, by judicial construction of these statutes, that if the owner of property stands by and suffers the improvements to go on without interposing any objections to the regularity of the proceedings, he can not question their validity by any collateral attack.

In such cases, the Legislature having conferred jurisdiction of the subject-matter upon the council, if jurisdiction has also been acquired over the person of the owner or over the thing to be affected, the failure to comply strictly with the requirements of the statute will not render the proceedings void as against a collateral attack. If, however, the statutory requirement is one affecting the jurisdiction of the person of the owner or of the property sought to be charged, the statute by vir-

tue of which the assessment is made must be strictly complied with.

There is, however, another familiar rule which in this connection must not be lost sight of, viz.: If notice of a certain kind is prescribed by the statute, and some notice has been given and the tribunal making the assessment determines that the notice is sufficient, the property owner will not, as a general rule, be permitted to inquire into the sufficiency of such notice in a collateral proceeding. But where, in such a case, no attempt has been made to give any notice whatever, and the proceedings do not show that the sufficiency or the question of notice has been passed upon by the tribunal making the assessment, the whole proceedings are void, and no judgment based upon them will be of any validity. See *Barber Asphalt & Paving Co.* v. *Edgerton*, 125 Ind. 455; Elliott's Roads and Streets, 397, 445.

It is not pretended that any notice was given, and, as we have seen, the special finding expressly declares that none whatever was given. It is insisted, however, that the only notice of assessment which is necessary to be given the property owner is that served upon the defendant in the proceeding to enforce the lien. In support of this contention, we are directed to the case of *Garvin* v. *Daussman*, 114 Ind. 429. The proceedings involved in that case, however, were had under and by virtue of the special charter of the city of Evansville, and an ordinance passed in pursuance thereof.

Provision was made in the charter for the improvement of streets by the council; and the assessments for the costs upon the lots of land fronting on such streets. There is no specific requirement in such charter for notice. The charter gives the council the power to provide by general ordinance for collecting the costs and expenses of such improvements, and for the enforcement

of liens therefor, as other liens are enforced. The court held in that case that the proceedings had for the enforcement of the lien include notice to the owner, and that this is sufficient to overcome the constitutional objection of taking the owner's property without due process of law.

In that case, as the court correctly said, "the question presented is not whether the law and the ordinance regulating the improvement of streets have been followed; but, conceding that they have been, it is asserted that they are inadequate to create a charge against, or impose a burden upon, property, according to the 'law of the land.'"

The question before us, it must be seen at a moment's reflection, is quite different. In the case at bar, the inquiry is not whether the statute makes ample provisions for notice, but whether there has been a compliance with the statutory provision as to notice, and whether such compliance is necessary. The case is, therefore, not an authority upon the point involved.

We are of opinion that it is essential to the validity of the assessment, that the statutory provision respecting notice be substantially complied with. We think the council may determine the necessity of the improvement without any notice, but at some time during the proceedings the notice specified in section 7, of the act of 1889, must be given so that the owner of the property may "have his day in court."

In the absence of such notice, the council have no jurisdiction over the person of the owner or over the property affected, so far as the assessment is concerned, and such assessment, being in the nature of a final judgment, is void, and may be resisted in a collateral proceeding. Notice at some time during the proceedings, and before the assessment is made conclusive, is a con-

dition precedent to the validity of the assessment-lien. *McEneney* v. *Town of Sullivan*, 125 Ind. 407.

The appellee had a right to be heard upon the question of assessment, and was entitled to notice such as the statute has provided.

Contractors can easily protect themselves by inquiring whether or not proper notice has been given, and refusing to bid in the absence of such notice. The owners of property have no such protection if they are to be deprived of the right to be duly notified of the pendency of the proceedings, so that they may appear and object or defend, if they so desire.

The court, having found that there was no notice, correctly determined that there was no valid lien.

Even if all the other proceedings were regular and valid, the fact that there was no notice must defeat the appellant's right to enforce his lien in any event. It would be futile, therefore, to attempt a solution of the other questions presented by the appeal.

Judgment affirmed.

Lotz, J., took no part in the decision of this case.

Filed June 8, 1893. ·