[Argued September 12; decided November 13, 1894.]

## STROUT *v.* CITY OF PORTLAND.
[S. C. 38 Pac. Rep. 126.]

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ESTOPPEL.—When, in proceedings for the levy of an assessment for a public improvement, the common council is without jurisdiction from the beginning, a person whose property is benefited by the improvement, but who did not ask for such improvement, may deny the validity of the proceedings, though he made no objection while the improvement was in progress; but if, after jurisdiction of the subject-matter has been acquired, the owner of the

benefited property, knowing of the progress of the work, permits it to be completed without objection, he will be estopped from questioning mere irregularities: *Wilson* v. *Salem*, 24 Or. 504, and *Barkley* v. *Oregon City*, 24 Or. 515, cited and approved.

2. IDEM.— One joining in a petition to the common council for a local improvement does not thereby waive his right to have the proceedings in relation thereto conform to the mode prescribed in the charter.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit brought by G. H. Strout, Peter Johnson, Rosetta Kuhn, J. H. E. Cramer, and Joseph Noonan, to enjoin C. H. Hunt, the chief of police of the City of Portland, from selling certain lots of the plaintiffs in said city, in pursuance of warrants issued to him for the collection of an assessment made thereon for the improvement of Weidler Street, in said city, and to have such assessment canceled and declared void.   The plaintiffs allege that the proceedings of the common council providing for the improvement and making the assessment for the expense thereof were void, for the reason that the petitioners for such improvement did not own one half the property affected thereby, and that the published notice failed to describe with reasonable certainty the kind of improvement proposed to be made.   The defendant, after denying these allegations, alleged that the plaintiffs had knowledge of the improvement of said street as it was being made; that their property was benefited thereby, and that, not having protested against it during its progress, they were estopped from questioning the regularity of the proceedings preliminary thereto.   The reply having put in issue the allegations of new matter contained in the answer, the cause was tried upon an agreed statement of facts from which the court found the following conclusions of law: (1) "That the petition presented and filed for the improvement of Weidler Street, the notice published for said im-

provement, and the ordinance providing for the time and manner of improving said street, are each and all of them defective, and insufficient to confer jurisdiction on the common council to make the said improvement. (2) That the plaintiffs, by reason of their knowledge of said improvement, and failing and neglecting to object to or protest against the same, until after the completion thereof, waived each and all of the defects in the proceedings above mentioned, and are, and each of them is, estopped from alleging that the said proceedings for the said improvement of said street and the assessment made therefor, are void and of no effect,"—and rendered a decree dismissing the complaint, from which the plaintiffs appeal.

Reversed.

*Messrs. Fred L. Keenan,* and *William M. Gregory,* for Appellants.

*Mr. Jarvis V. Beach (Mr. Roscoe R. Giltner,* corporation counsel, on the brief), for Respondent.

Our position is that by the silence and acquiescence of appellants during the entire period the work was in progress, with full knowledge that said improvement was being made, and by receiving the benefit of the same without objection until a considerable time after the completion of the contract, they are estopped from assailing the proceedings as attempted in this case, and in support of this position the following authorities are cited: *City of New Haven* v. *Fairhaven Railway Company,* 38 Conn. 422; *Corey* v. *Gaynor,* 22 Ohio St. 584; *Vose* v. *Cockcroft,* 44 N. Y. 415; *Jackson* v. *Smith,* 120 Ind. 520; *Montgomery* v. *Wasem,* 116 Ind. 343; *Prezinger* v. *Harness,* 114 Ind. 491; *Motz et al.* v. *Detroit,* 18 Mich. 494; *Traphagen* v. *Mayor of Jersey City,* 29 N. J. Eq. 207; *Barker* v. *Omaha,* 16 Neb. 269; *Appeal of City of Pittsburg,* 118 Pa St. 458; *Board of Commissioners* v.

*Hinchman,* 31 Kan. 729; *Lamb* v. *Railway Company,* 39 Iowa, 333; *Hawthorne* v. *East Portland,* 13 Or. 271; Elliott on Roads and Streets, 387, 420; Pomeroy's Equity Jurisprudence, § 818.

We are aware that a distinction has been attempted by some of the authorities in the application of the doctrine of estoppel in suits relating to street improvements between cases where mere irregularities are relied on to defeat the collection of the assessment and those where some jurisdictional step has been omitted, but we submit that this is a distinction without a difference, and does not rest on principle.   Much confusion among the authorities has arisen upon this subject on account of the different senses in which the word "jurisdiction" is used by different authors.   For illustration it is said that the circuit court has jurisdiction of all actions for the recovery of real property and that the common council of the City of Portland has jurisdiction in all street improvement proceedings, yet it may happen that the circuit court would not acquire jurisdiction of a particular case for the recovery of real property by reason of some fatal error in the proceedings, and the same might be said of the city council in the matter of the improvement of a particular street.

The correct rule governing cases of this kind, and, in our opinion, the only one supported by both authority and reason, is that where general jurisdiction or authority over a class of cases or proceedings is conferred upon a tribunal, and an attempt is made in good faith to exercise such authority or jurisdiction, or authority in a particular instance, but by reason of some oversight or error a technical defect exists in the proceedings, although it may be in one of the steps called jurisdictional, persons situated like the appellants in this case would not be permitted to raise such an objection.   If, on the other hand, an attempt

26 OR.—38.

is made to exercise jurisdiction over a subject in a case where no general jurisdiction is conferred, for instance, if the common council were to undertake to improve a street outside of the city limits; or, if some tribunal other than the council—for example, the water committee,—should order a street improved, estoppel could not be successfully pleaded; and probably in a case where no show of following the statutory requirements is made, as in a case where no petition at all is filed, no notice of any kind given, or no ordinance passed, estoppel would not avail. The reason of the rule and of the distinction is plain, the property owner knowing of the improvement and of the benefit he is to receive on account of it, is not only presumed to know but does actually know that his property is charged by law with the cost of the improvement. He knows that the council has caused the improvement to be made and that the contractor has done the work with the expectation that he will pay for it, and by his silence he has induced the completion of the improvement, thereby deriving an advantage at the expense of other persons. This is precisely the same reason and the only one upon which the doctrine of estoppel rests in street improvement cases where mere irregularities are asserted, as well as in cases exclusively between private persons. It does not exist, however, in cases where no general jurisdiction is conferred because the property owner would not know in such a case that he was expected to pay.

We have examined with considerable care many of the authorities relied upon by counsel for appellants with a view of discovering the reason for the distinction claimed, but have not been able to find any; there is not, nor can there be any given. The question may fairly be said to be in a sense an open one in this state, although it was strongly intimated by the court in the case of *Hawthorne* v. *East Portland*, on the last page on the opinion, and dis-

tinctly announced in *Ladd* v. *Spencer*, on page 198 of the opinion, that the owner would be estopped by his silence, and these were cases of defective notices.

Opinion by MR. JUSTICE MOORE.

1.  An examination of the record discloses that the court was fully warranted in its conclusion that the common council had not acquired jurisdiction to make the improvement, and the only question presented by this appeal is whether the plaintiffs, one of whom signed the petition for the improvement, are estopped by their silence and apparent acquiescence from questioning the regularity of the proceedings.   The assessment of property for a local improvement is always a proceeding *in invitum*, and rests upon the theory that the property of the citizen has been benefited to the extent of the amount assessed against it; but before such property can be charged with any part of the cost of the improvement, the common council must, in the manner prescribed in the city charter, acquire jurisdiction of the person and subject matter; for, without it, the right to assess such property for benefits conferred does not exist, nor should it, as a grant of such power would tend to make the common council not only the agent of the owner, but his guardian as well.   But it is contended that the plaintiffs, knowing that the improvement had been ordered, should have informed the council of the irregularity in the proceedings, and, not having done so, or made any objection to the improvement until it was completed, should now be estopped from taking advantage of these jurisdictional defects.   The property owner is not the legal adviser of the common council, which usually has an attorney for this purpose.   He is not required to interfere with the mode adopted to acquire jurisdiction, nor is he expected to object or protest after the proper

initiatory steps have been taken, except to the mode or manner of the improvement, or some intermediate order or proceeding of the common council which injuriously affects his property. Jurisdiction to improve a street is obtained by the common council only in the manner prescribed in the city charter, and not by anything the property owner did or failed to do; and he is no more estopped from questioning the council's jurisdiction upon the facts than he would be from questioning the jurisdiction of a judicial tribunal which should attempt to deprive him of his property: *Canfield* v. *Smith*, 34 Wis. 381. Objection to the jurisdiction of the person may be waived by the parties interested, but want of jurisdiction of the subject matter is never thus waived (*Damp* v. *Town of Dane*, 29 Wis. 432; *In re Sharp*, 56 N. Y. 257, 15 Am. Rep. 415); nor is a party who undertakes to waive it estopped from afterwards questioning the validity of the proceedings: *Ruhland* v. *Supervisors of Hazel Green*, 55 Wis. 664, 13 N. W. 877. While there is quite a conflict of opinion upon this subject, we think the trend of modern decisions, as well as the weight of authority and better reason, serves to establish the following rules as applicable thereto: (1) When, in proceedings for the levy of an assessment, the common council is without jurisdiction from the beginning, a person whose property is benefited by a local improvement is not estopped to deny the validity of the proceedings on the ground that he made no objection thereto while the improvement was in progress: *Starr* v. *Burlington*, 45 Iowa, 87; *Keese* v. *Denver*, 10 Colo. 112, 15 Pac. 825; *Coggeshall* v. *Des Moines*, 78 Iowa, 235, 41 N. W. 617, and 42 N. W. 650; *Stephan* v. *Daniels*, 27 Ohio St. 527; *Kipphart* v. *Pittsburgh, etc., Railway Company*, 7 Ind. App. 122, 34 N. E. 375; *Fayssoux* v. *Succession of Chaurand*, 36 La. Ann. 547; *Mulligan* v. *Smith*, 59 Cal. 206. (2) But if, after jurisdiction has been acquired, the owner of property benefited by a local im-

provement, with knowledge of its progress, permitted its completion without objection, he will be estopped from questioning mere irregularities occurring in the subsequent proceedings: Elliott on Roads and Streets, 420; *Wilson* v. *Salem*, 24 Or. 504, 34 Pac. 9; *Barkley* v. *Oregon City*, 24 Or. 515, 33 Pac. 978.

2.  It follows from these rules that the plaintiffs who did not sign the petition are not estopped by their silence or apparent acquiescence while the improvement of said street was in progress from questioning the void proceedings of the common council; and the plaintiff who petitioned the common council to improve the street did not thereby waive his right to have the proceedings conform to the mode prescribed in the charter: *McLauren* v. *Grand Forks*, 6 Dak. 397, 43 N. W. 710; *Howell v. Tacoma*, 3 Wash. 711, 20 Pac. 447, 28 Am. St. Rep. 83; *Mayor* v. *Porter*, 18 Md. 300, 79 Am. Dec. 686; *Steckert* v. *East Saginaw*, 22 Mich. 104; *Tone* v. *Columbus*, 39 Ohio St. 281, 48 Am. Rep. 438; *Taylor* v. *Burnap*, 39 Mich. 739; *In re Sharp*, 56 N. Y. 257, 15 Am. Rep. 415; and therefore he is not estopped to question them.   His petition, fairly construed, meant that the common council should proceed to the improvement of said street in the manner authorized by law, and he never consented to the improvement being made in any other mode.   The common council not having acquired jurisdiction to make said improvement, the plaintiffs have a right to challenge the validity of its proceedings, and it follows that the decree of the court below must be reversed, and one here entered canceling the assessment, and perpetually enjoining the chief of police of the City of Portland from selling the property of the plaintiffs described in the complaint on account of said void assessment.

REVERSED.