Stephenson *v.* Town of Salem.

Judgment affirmed.

Filed February 14, 1896.

---

No. 1,832.

## STEPHENSON *v.* TOWN OF SALEM.

ESTOPPEL.— *Public Improvement.—Street.*— The appearance of a landowner to protest against the improvement of one street will not estop him from disputing the right of the town trustees to improve another street.

PUBLIC IMPROVEMENT.—*Nonliability.*— *Notice.*—A landowner is not liable for an improvement of a street on which his land abuts, where no notice of such improvement was given by publication or otherwise.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *E. B. Stephenson,* for appellant.

*Mitchell & Mitchell,* for appellee.

GAVIN, J.—The appellee recovered judgment enforcing against appellant's property a certain assessment made to pay part of the expense of improving West Market street in said town. The proceedings were under the act of 1889, 2 R. S. 1894, section 4288, *et seq.*

In the complaint it is averred that appellant's realty is "on the south side of West Market street, improved

and abuts up against the same." The serious causes for complaint in the case are presented by the exceptions to the conclusions of law upon the facts specially found. In considering these it must be borne in mind that under the answer of general denial, it is incumbent upon the appellee to present in the finding all the facts necessary to entitle it to recover. While the special finding is to be reasonably and fairly construed, yet it must contain all the essential facts requisite to authorize appellee's recovery without aid by inference or intendment other than such as necessarily follows from the facts stated. *Becknell* v. *Hosier*, 10 Ind. App. 5.

Any fact not specifically found or necessarily included stands as though found against the appellee. 2 Elliott Gen. Prac., section 975.

The principal question is whether or not the land of appellant abutted or bordered upon West Market street. Salem has been for more than twenty years a municipal corporation. One of its streets is West Market street, which according to the plat recorded, more than seventy years ago, leads from the public square to a point 125 feet west of the west side of Shelby street. It was platted to run east and west in a straight line, 80 feet wide throughout its full length. One of the highways of Washington county known as the "Levonia" road has for a great many years led from Salem to Levonia. It "intersects said West Market street by the way of said Shelby street, and intersects Shelby street on its west line a few feet south of the south line of West Market street as platted; the center of said highway is (at all points) south (of all points) of the south line of West Market street." "The real estate in controversy lies immediately south of and contiguous to the center of said Levonia road and not otherwise." In 1884, an

addition was made to the town of Salem, the south boundary of which was designated on the recorded plat thereof as said Levonia road and the east boundary, said Shelby street, lot No. 1, of this addition, included the part of the platted West Market street lying west of Shelby street. In the same year that part of the street was enclosed, and a house erected thereon which condition still exists. Both parties apparently concede that this part of the street was thereby vacated. On January 1, 1894, the town trustees passed a resolution favoring the improvement of West Market street by grading and macadamizing it from the public square to the corporation line. On February 6th, Nelson Stephenson, appellant's ancestor and then owner of the land, joined with many others, including nearly all of the property owners on the street, in a remonstrance against the improvement. After the preliminary steps, the contract was let, April 16, 1894.

That part of the Levonia road where the improvement was made is not to exceed 40 feet wide, and its improvement in whole or in part is not specifically mentioned in the declaratory resolution, the ordinance, or the original plan for improving West Market street. On June 29, 1894, the board of trustees for the first time ordered plans and specifications for grading and improving said part of Levonia road to be made, of which no subsequent notice was given by publication. The improvement was accepted and paid for by the town.

It is further found "that the improvement which forms the basis of the assessment made against Stephenson and charged and extended upon the tax duplicate against his said land was made and is located" solely on and along said Levonia road, from West Shelby street south-west to the corporation line.

Under these facts the location of streets and lands involved is represented by the following plat:

Counsel for appellee argue the cause upon the assumption and statement that West Market street has been for forty years deflected from its true course and caused to run over the old Levonia road which has thus become a part of West Market street. This may be true in fact, but it nowhere appears in the findings to which alone we can look as the basis for the conclusions of law. So far as the findings show, West Market street runs straight east and west as it was laid out. The only circumstance which points toward the trustees having

regarded the Levonia road as a part of West Market street is their describing the latter street as extending west to the corporation line. The fact, however, that they did not include the Levonia road in their plans and specifications until long after the contract was let, seems to us conclusive evidence, were it required, that they themselves did not, when ordering the improvement, so consider it. The trial court seems to have carefully and sedulously avoided finding that the Levonia road either was, or was regarded or known as part of West Market street. The finding wholly fails to show that the appellant's property abutted upon or bordered on West Market street.

Nor can appellant be held liable for the improvement as upon the Levonia road under the order of June 29th. This order was wholly *ex parte*, made, so far as the record discloses, without any notice whatever or any attempt to conform to the requirements of the law, so as to authorize the expense to be assessed against the property owner. As to this improvement the board was wholly without jurisdiction to assess its cost against the landowners. *Kiphart* v. *Pittsburgh, etc., R. W. Co.,* 7 Ind. App. 122.

The appearance of Nelson Stephenson to protest against the improving of West Market street cannot result in estopping him from disputing the right of the trustees to make an improvement upon another street, which was not embraced in the proceedings against which he remonstrated.

We are unable to concur in appellee's proposition that the order of June 29th was simply a direction for a change of the character of the improvement already ordered, and, therefore, within the jurisdiction of the town board. It will be observed that it is expressly declared in finding 16, that the improvement for which

Stephenson *v.* Town of Salem.

appellant was assessed was made and located "solely along said Levonia road." By No. 18, it is declared that on June 29th, the board "for the first time ordered plans and specifications for grading and improving said part of said Levonia road."

By No. 18, it is found that on August 11th, the improvement of West Market street from public square to Shelby street was accepted from the contractor. When the Levonia road improvement was accepted does not specifically appear, but it seems they were regarded by the board as separate improvements.

While the tendencies of the courts have been strongly toward upholding public improvements, and the proceedings requiring those specially benefited thereby to pay for the same, it cannot be, and is not, the law that municipal corporations can, in utter disregard of the provisions of the statutes, impose such burdens upon property owners.

On the case made by the facts found, appellant was entitled to judgment. Judgment reversed, with instructions to so enter it.

Filed November 10, 1895.

ON PETITION FOR REHEARING.

GAVIN, C. J.—Upon further consideration, we have concluded to, and do hereby, modify the mandate originally made in the reversal of this cause, so as to direct the reversal with instructions to grant a new trial, if asked for by appellee within sixty days, the costs of the appeal and former trial to be adjudged against appellee.

So far as the matters urged as cause for a rehearing are concerned, they were fully considered in the original opinion, which sets forth the facts as contained in the special finding.

Petition for rehearing is overruled.

Filed February 14, 1896.