Argued July 6, affirmed July 20, 1920.

## HENDERSON *v.* CITY OF SHERIDAN.

### (191 Pac. 350.)

**Municipal Corporations—Notice of Intention to Improve Street Indefinite.**

1. Notice of intention to improve street in City of Sheridan, given pursuant to Sheridan-City Charter, Section 59, *held* insufficiently definite to give the city jurisdiction to make the improvement, as not stating how thick the wearing surface of asphaltic concrete pavement was to be, or what was the proper grade, crown, thickness, and wearing surface.

From Yamhill: HARRY H. BELT, Judge.

Department 2.

This is a suit brought to enjoin the City of Sheridan from the collection of an improvement upon Bridge Street in said city. Section 59 of the charter of Sheridan is as follows:

"Such notice must be given by the recorder by order of the council, and must specify with convenient certainty the street, or part thereof, proposed to be improved, or of which the grade is proposed to be established or altered, and the kind of improvement which is proposed to be made and the time when the council will hear and determine objections and remonstrances thereto, if any."

The notice of intention to improve the street is as follows:

"Notice of Proposed Street Improvement.

"Notice is hereby given to all persons having and owning property adjacent and abutting upon Bridge Street, from the south end of the south wooden approach to the bridge across the Yamhill river, south to the north line of Mill street, all in the city of Sheridan, Oregon:

"Take notice: That the common council of the city of Sheridan contemplates the passage of an ordinance requiring the improvement of Bridge Street from the south end of the south wooden approach to the bridge across the Yamhill river, southerly to the north line of Mill street, at the cost and expense of the abutting and adjoining property, in the following manner, to-wit:

"By resurfacing said portion of Bridge street from curb to curb, with a wearing surface of asphaltic concrete pavement, and bringing said surface to the proper grade, crown, thickness, and wearing surface, and by constructing inlets and providing the proper drainage of said streets where necessary, 'and to assess the cost and expense thereof against the adjoining property to said street.'

"That the common council has so declared its intention to make the above described improvement by duly passing a certain resolution on the 16th day of June, 1919, and approved as of the same date, and which resolution is referred to and made a part of this notice. Said resolution may be read by any interested property owner by making application to the City Recorder.

"Now, therefore, all persons interested in said proposed improvement of said portion of Bridge street, south of the Yamhill River and north of the north line of Mill street, and especially the owners of property abutting and adjoining thereon, are hereby notified that the common council will meet in the council chambers in the city hall of Sheridan, Oregon, on the 30th day of June, 1919, at the hour of 8 o'clock P. M. on said date, to hear and determine any and all objections, if any there be, to the making of said proposed improvement, and to attend at said time and place and make known your objections to the making of said improvement, if any you have.

"Done by order of the common council of said city on the 16th day of June, 1919.

"Witness my hand and the official seal of the city of Sheridan, this 17th day of June, A. D. 1919.

"(Signed)    J. R. SANDERS,
"Recorder of the City of Sheridan, Oregon."

Upon the trial the court held that the notice was insufficient to give property owners notice of the kind of improvement, which it was proposed to be made, and entered a decree enjoining the city from collecting the assessments, from which decree defendants appeal.                                   AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Otto W. Heider* and *Mr. Frank S. Grant*.

For respondents there was a brief with oral arguments by *Mr. W. O. Sims*.

McBRIDE, C. J.—The object of requiring notice of the proposed improvement, and of incorporating therein a description of the improvement with convenient certainty, is to enable the property owners abutting the street to be improved to make a reasonable estimate of the probable cost, so as to determine whether or not he will remonstrate against the proceeding. Of course, such description is not required to be technically accurate, but only as nearly so as the circumstances will reasonably permit. Such a description, with plans and specifications, must be made in any event, before the contract is let; and a preliminary estimate and description can usually be made before giving the notice of intention to improve, without materially adding to the expense. While this is not required by the charter, and no technical preliminary estimate is required in any event, yet there should be something approaching reasonable certainty in the description of the main characteristics of the proposed improvement.

Here the property holder is left entirely in the dark as to the thickness or depth of the improvement which was upon the street, upon which the grade had been established, and which had been theretofore improved only by the voluntary act of the property owners. What are the uncertainties here?

(1) The street is to be improved "by resurfacing it from curb to curb with a wearing surface of asphaltic concrete pavement." How thick is this wearing surface to be? The notice does not state and in the absence of such statement how is the property owner to be enabled to make any estimate of the cost.

(2) The improvement is to be further continued "by bringing said surface to the proper grade, crown,

thickness and wearing surface." What is to be the proper grade, crown, thickness, and wearing surface?

What is a "proper" grade? Certainly not the lawful grade, because none had been established. It is clear, therefore, that what was to be the proper grade, thickness, crown, and wearing surface were matters left still in the breast of the council or city engineer, and not disclosed to the abutting property owners, so that they might estimate the expense they were likely to incur, and determine their course in relation to making or not making a protest.

We are of the opinion that the notice was not sufficiently definite to give the city jurisdiction to make the improvement. This exact question in its present form has not been passed upon by this court, but this opinion follows the reasoning of the decisions in *Ladd* v. *Spencer,* 23 Or. 193 (31 Pac. 474); *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407); *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac. 112); *Rubin* v. *Salem,* 58 Or. 91 (112 Pac. 713); *Jones* v. *Salem,* 63 Or. 126 (123 Pac. 1096); *Dyer* v. *Bandon,* 68 Or. 406 (136 Pac. 652).

The decree of the Circuit Court is affirmed.

AFFIRMED.

BEAN, JOHNS, and BENNETT, JJ., concur.