Argued July 6, reversed and decree rendered July 20, 1920.

# BYERS *v*. CITY OF SHERIDAN.

### (191 Pac. 351.)

**Municipal Corporations—Notice of Intention to Improve Street, not Stating Material of "Pavement," Insufficient.**

1. Notice of intention to improve street in City of Sheridan, simply describing improvement as a hard-surface pavement 16 feet in width, *held* insufficient to confer jurisdiction on city to make improvement; a "pavement" being a hard, solid surface of any of several materials, as stone, brick, concrete, or wood, while property owner is entitled to be informed of material to be used.

**Municipal Corporations—Uncertainty in Notice of Improvement Jurisdictional, and not Waived by Failure to Object.**

2. Lack of reasonable certainty in description of improvement in notice of intention to improve street went to the jurisdiction of the city to make the improvement, and was not waived by failure of property owners to object while the improvement was in progress, so that the city's plea of estoppel against them is not well taken.

From Yamhill: Harry H. Belt, Judge.

Department 2.

This is a suit to restrain the City of Sheridan from collecting assessments for the improvement of Mill Street in that city.

The provision of the charter, prescribing the manner of giving notice of such proposed improvement, is as follows:

"Such notice must be given by the recorder, by order of the council, and must specify with convenient certainty the street or part thereof proposed to be improved, or of which the grade is proposed to be established or altered, and the kind of improvement which is proposed to be made and the time when the council will hear and determine objections and remonstrances thereto, if any."

The notice of the intention to make the improvement is as follows:

'Notice of Proposed Street Improvement.

"Notice is hereby given to all persons having or owning property adjacent to and abutting upon Mill street, from the intersection of the S. P. Railroad tracks, or terminus of the hard surface pavement thereon, westerly to the city limits, all in the city of Sheridan, Oregon.

"Take notice: That the common council of the city of Sheridan, Oregon, contemplates the passage of an ordinance, requiring the improvement of Mill street from the terminus of the hard surface pavement thereon at the S. P. Railroad track intersection, westerly to the city limits, at the cost and expense of the abutting and adjoining property, in the following manner, to wit:

"First: By making proper excavations and fills and grading said streets to the proper sub-grades and rolling and compacting the same;

"Second: By paving the roadway of said portions of Mill street, heretofore sometimes known as the county road street, to a width of 16 feet, 8 feet on either side of the center line of said street, with a hard surface pavement thereon;

"Third: By constructing proper headers:

"Fourth: By constructing proper ditches, laying drain tile, and culverts at locations where needed for the proper drainage of said streets.

"Fifth: By doing other such improvement work as will make a proper and appropriate improvement, and to assess the cost and expense thereof against the adjoining and abutting property to the said part of Mill street; and

"Said hard surface pavement being a width of 16 feet and 8 feet on either side of the center line of said street, or portion thereof, to a depth of 6".

"Therefore: All persons interested in said proposed improvement on Mill street, from the terminus of the hard surface pavement, westerly to the city limits, and especially the owners of the property abutting and adjacent thereon, are hereby notified that the common council will meet in the council chambers in the city hall, in Sheridan, Oregon, on

the 18th day of August, 1919, at the hour of 8 o'clock P. M. of said day, to hear and determine any and all objections, if any there be, to the making of proposed improvement, and to attend at said time and place and make known your objections, if any you have, to said proposed improvement, as herein directed.

"Done by order of the common council of the city of Sheridan, Oregon, on the 5th day of August, 1919.

"Witness my hand and the seal of the city of Sheridan, Oregon, this, the 6th day of August, 1919.

"(Signed)    J. R. SANDERS,
"Recorder of the City of Sheridan, Oregon."

There was no remonstrance against the improvement.

The defendant answered, setting up the proceedings in full, and also pleaded an estoppel by reason of the plaintiffs having permitted the improvement to be completed without objection. Upon the trial the court found the notice sufficient and dismissed the suit, from which order plaintiffs appeal.

REVERSED AND DECREE RENDERED.

For appellants there was a brief and an oral argument by *Mr. W. O. Sims.*

For respondent there was a brief with oral arguments by *Mr. Otto W. Heider* and *Mr. Frank S. Grant.*

McBRIDE, C. J.—In its principal features this case is subject to the same objections as were noted in the case of *Henderson* v. *Sheridan, ante,* p. 149 (191 Pac. 350), The notice simply described the proposed improvement as a hard-surface pavement 16 feet in width. The word "pavement" is defined as "a hard, solid surface covering of stone, brick, concrete, asphalt or wood": Standard Dict.,

title "Pavement." Any one of these, including wood blocks, will answer the description of a "hard-surface pavement." It is well known that these differ in cost; that different kinds of concrete, bitulithic, and asphalt differ in cost, and that the base and thickness of the material to be put down are important elements in their durability, and in the expense of the improvement as a whole.

1. While technical accuracy in detail is not required, the property holder is at least entitled to be informed, in a general way, by city officials who are proposing the improvement, whether it is in the contemplation of the city to pave with brick, stone, bitulithic, concrete, asphalt, or some other material, as, under the notice given, any one of these mentioned— and perhaps others—might be employed. Unless this is done a property holder has practically no data from which to make even a reasonable guess as to what he may be called upon to pay when the improvement is completed. These general characteristics of an improvement ought certainly to be considered by the authorities before they determine to initiate it, and it is comparatively easy to specify them, and only justice to the ratepayer that he should be apprised of them before being called upon to determine whether or not he will remonstrate.

2. The plea of estoppel is not well taken; the lack of reasonable certainty in the notice goes to the jurisdiction of the city to make the improvement, and as demonstrated in the able opinion of the late Justice MOORE, in *Strout v. City of Portland*, 26 Or. 294 (38 Pac. 126), this objection is not waived by failure to object while the improvement was in progress.

The decree of the Circuit Court is reversed, and a decree will be entered here, enjoining the collection of the alleged assessments; but as the plaintiffs could

have proceeded earlier, and thereby have prevented the improvement, they will not be allowed costs in either court.    REVERSED.  DECREE RENDERED.

BEAN, JOHNS and BENNETT, JJ., concur.

---

[Argued June 3, reversed and remanded July 20, 1920.