## W. S. LADD *v.* E. W. SPENCER, CHIEF OF POLICE ET AL.

[ S. C. 31 Pac. Rep. 474.]

MUNICIPAL CORPORATION — NOTICE OF IMPROVEMENT.—A notice of a proposed street improvement that does not comply with the requirements of the city charter, does not confer jurisdiction to levy an assessment, and all proceedings thereunder are void.

IDEM— POWER OF RECORDER TO ISSUE NEW NOTICE.—A recorder of a city having once published a notice of a proposed street improvement, cannot publish a new or an amended notice without special authority of the

council. *Dowell* v. *City of Portland,* 13 Or. 252 (10 Pac. Rep. 308), approved.

IDEM—STREET IMPROVEMENTS—SUFFICIENCY OF NOTICE.—The charter of East Portland, article 6, section 2 (Sess. Laws, 1885, p. 303), provides that the common council shall cause the recorder to give notice of contemplated street improvements by publishing a notice for fifteen days previous to undertaking such improvements, which " notice must specify with convenient certainty the street or part of street proposed to be improved, * * * and the kind of improvement to be made." *Held,* that a notice of a proposed improvement of a street " by building to the established grade an elevated roadway thirty-six feet wide, and elevated sidewalks twelve feet wide," was not a compliance with the charter, since it did not inform the property owners of the materials to be used, or of the character of work proposed, from which an estimate of the cost could be made.

EQUITY—ESTOPPEL—TENDER OF TAX.—An *abutting property owner may,* without tendering the amount of the benefits, invoke the aid of equity against the consequences of an assessment for street improvements which were made under void proceedings, where he protested against the improvements at their inception.

Multnomah County : LOYAL B. STEARNS, Judge.

Defendants appeal. Affirmed.

Suit by W. S. Ladd against E. W. Spencer (substituted for S. B. Parrish,) as chief of police of the city of Portland; Clara B. Zeller; E. N. Zeller, her husband; L. Keenan; Henry McEntyre; Seth D. Wills, as executor of the last will of Jacob Wills, deceased; William E. Wills; Alfred H. Wills; Clara Keenan; Della H. Schriver; Seth D. Wills, and Rebecca A. Wills,—to enjoin the execution and delivery of deeds to certain lots in East Portland on sales for delinquent street assessments.

Decree for plaintiff.

*Wm. T. Muir,* city attorney, *Edward B. Watson,* and *Fred L. Keenan,* for Appellants.

*Frederick V. Holman,* for Respondent.

MOORE, J.—This is a suit brought by the respondent Wm. S. Ladd against the chief of police of the city of Portland, as the successor in office of the city marshal of East Portland, now consolidated with Portland, to restrain

said officer from executing and delivering deeds to the co-appellants, purporting to convey to them the title to certain lots of the respondent in the former city of East Portland, pursuant to sales made by said city marshal upon an alleged default in the payment of assessments for the improvement of N Street in said city.

Section 2 of article VI. of an act to incorporate the city of East Portland, approved February 24, 1885 (Session Laws 1885, 303), in substance provides that when any improvements are to be made, the common council of said city shall cause the recorder to give notice thereof by publishing the same for fifteen days previous to the undertaking of such improvement, in some daily or weekly newspaper published in said city, or in the city of Portland, which notice must specify with convenient certainty the street or part of street to be improved, and the kind of improvement to be made. The record herein shows that H. C. Campbell and others presented to the common council of said city a petition for the improvement of N Street between Fifth and Twentieth Streets, and the said council, at a meeting thereof held August 1, 1887, adopted a resolution by which the recorder of said city was instructed to give notice that the council proposed to improve said street in the manner required by the petitioners. The recorder thereupon published a notice in the East Portland *Packet,* a weekly newspaper of said city n the issues of August 5 and 12, 1887. This notice, in describing the character of a portion of the proposed improvements adjoining the lots of respondent, contained the following: ''From the center line of Seventh Street to a point at the west line of Ninth Street, by building to the established grade an elevated roadway thirty-six feet wide and elevated sidewalks twelve feet wide, said improvements to be made at the expense of the abutting property.'' The respondent on the eighth day of August, 1887, presented and filed with said council his written statement, setting forth his ownership in the property abutting upon said street between Fifth and Twentieth

Streets, in which he protested and remonstrated against said proposed improvement.    The recorder of said city, on the twenty-fifth day of August, 1887, without any further direction or order from said council, except that of August 1, 1887, published an additional notice of the proposed improvement of said street.

Respondent claims that the first notice was insufficient and void because it did not describe with any certainty the kind of improvements required, and that the second notice was issued and published without authority and therefore void.   Do the words, "by building to the established grade an elevated roadway thirty-six feet wide and elevated sidewalks twelve feet wide," give with convenient certainty the kind of improvement required for that part of said street lying between the center line of Seventh and the west line of Ninth Street?   It cannot be ascertained with convenient, or any certainty, from an inspection of the published notice nor from an examination of said petition, the description of which is copied in the said notice, what kind of material, nor the size, quality, or character thereof was required for this elevated roadway.   The owner of each lot abutting upon this street whose property might be benefited or injured by the proposed improvement, was entitled to know just what kind of improvements were contemplated.   The legal issue of the notice and its proper publication were for his benefit and protection, and were the means by which the council acquired jurisdiction to subject his property to the burden necessary to defray the expense of making the improvement.   This was not such a notice as the charter prescribed, nor such as the owner of property adjoining said street was entitled to, since it did not·inform him of the character, nor could he from it estimate the probable cost, of the proposed improvement. No jurisdiction to levy a special assessment could possibly be claimed by the publication of such a notice, and any proceedings had thereupon were void.

Could the recorder issue and publish an additional

notice without further authority and direction of the
council ?   The power of the recorder to issue and publish
the notice was derived from the direction of the council
under section 2, *supra.*   He received this authority under
the resolution of August 1, 1887, and when he had pub-
lished this notice, he exhausted the power conferred.
The charter nowhere provided that if a mistake were
made in the notice or the publication thereof, the recorder
of his own motion could issue and publish another.   He
was the ministerial agent of the council, clothed with no
discretionary power, and therefore could not amend his
first notice, after the publication thereof had been com-
menced, without the order and direction of the council.
In *Dowell* v. *Portland,* 13 Or. 255 (10 Pac. Rep. 308),
LORD, J., speaking for the court, says: "The fact, too,
that his authority is delegated by law, and his duties in
the premises purely ministerial, and involving the exer-
cise of no judicial function, would exclude his power of
amendment upon common law principles without the aid
of some statute."

The streets of a city having been dedicated to the
public, the legislature as the trustees thereof may dele-
gate the power to improve them to a municipal corpora-
tion, but such corporation can exercise this delegated
power only in the manner indicated in the act conferring
it.   "A statute delegating power to charge the property
of individuals with the expense of local improvements,
must be strictly pursued; whatever step the legislature
has prescribed to be taken cannot be declared by the
courts merely directory or immaterial."—*Merritt* v. *Port-
chester,* 71 N. Y. 309 (27 Am. Rep. 47).   "The provisions
in a city charter in regard to the steps required before
the contracts for grading are let, are conditions prece-
dent, and every requirement must be strictly complied
with before there can be any liability of adjoining lots
for such work."—*Massing* v. *Ames,* 37 Wis. 645.   The re-
corder having exercised the full measure of the power
delegated him in issuing and publishing the first notice,

and the second one having been issued and published without the request or direction of the council, did not give jurisdiction to make the proposed improvements, and any sales of property based upon the second notice were void.

It is urged by appellants that in equitable proceedings the owner of property benefited by the improvement of a street adjoining his property should first tender the amount of the benefits before he could be heard to complain. Where the owner has, without objection, quietly permitted the improvements to be made, he would be estopped by his own act. It is in cases of equitable estoppel only where the owner has encouraged the improvements, that he would be obliged to tender the amount of benefits received: *Hawthorne* v. *East Portland,* 13 Or. 271 (10 Pac. Rep. 342). But the respondent objected by written protest at the inception of the proceedings, and he thereby challenged the act of the council and its officers. It cannot be said that he encouraged the improvement. The charter made no provision that before a person could be heard in an equitable proceeding he must tender the amount of benefits. If an owner of property were obliged to do this as a condition precedent before he could maintain a suit, it would tend to do away with every jurisdictional requirement in the proper levy of special assessments, as the council of a city could, without observing the requirements of a charter, order the improvement of a street and compel the owner of the property benefited to tender the amount of the benefits before he could enjoin the officer from executing a void process.

Every special municipal assessment is predicated upon the theory of a benefit resulting to the property in consequence of some public improvement made in the immediate vicinity. It is therefore a burden upon the land benefited, and can never be a tax against the person of the owner. If it were a tax against the person, levied to support the government of a state, county, or munici-

pality, there then might be some good reason to require the owner to pay the tax before he could receive equity, since he owed the duty of bearing his proportion of such burdens; but in the levy of a special assessment upon his property, made by a common council without strictly observing the conditions required in the charter, in the absence of a request or other act which would estop him, he is not obliged to make a tender of the benefits before he can invoke the aid of equity.

There were several other questions presented by the record which we have not deemed necessary to consider, basing our conclusion upon the absence of jurisdiction of the council.

The decree of the court below is affirmed.