Argued 6 August; decided 15 August, 1901.

## WINGATE *v.* ASTORIA.

[ 65 Pac. 982, 6 Munic. Corp. Cas. 815.]

MUNICIPALITIES—STREET IMPROVEMENTS—INJUNCTION.

1.  Where municipal authorities have jurisdiction to improve a street, a property owner, who, with knowledge of the improvement, makes no objection until after the work is completed, can not enjoin the collection of the assessment on the ground that the proceedings have not been regular.

EFFECT OF IRREGULARITIES ON COLLATERAL ATTACK.

2.  Where a city council has attempted to establish the grade of a street, irregularities in the proceedings, not amounting to a want of jurisdiction, would not affect its power to subsequently improve the street according to such grade, or afford ground for an injunction by a property owner to restrain the collection of an assessment for such improvement after the work has been completed, for on collateral proceedings only a want of jurisdiction will support an attack on the sufficiency of the record.

From Clatsop : THOMAS. A. MCBRIDE, Judge.

Suit by G. Wingate and others to enjoin the City of Astoria and its chief of police from collecting certain assessments for a street improvement. After a hearing on the merits, there was a decree for the defendants, hence this appeal.                                    AFFIRMED.

For appellants there was a brief and an oral argument by *Messrs. Geo. Noland* and *John Q. A. Bowlby*.

For respondents there was a brief over the names of *A. M. Smith*, City Attorney, and *Fulton Brothers*, with an oral argument by *Mr. Smith* and *Mr. Charles W. Fulton*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit brought by the owners of certain real property abutting on Grand Avenue, in the City of Astoria, to restrain the execution of a warrant for the sale thereof for delinquent street assessments, and was commenced after the work had been completed, and accepted by the city. The plaintiffs made no objection

whatever while the work was in progress, but it is now insisted that the entire proceedings were invalid, because: (1) The grade of the street had not been legally established prior to the proceedings for its improvement; (2) the estimates, plans, and specifications for the work, which the charter requires to be filed with the auditor and police judge, were insufficient; (3) the record does not show that all the members of the board of equalization were present at the meeting, held after public notice, as required by the charter, for the purpose of reviewing and correcting the action of the board of assessors in apportioning the cost of the improvement to the property within the assessment district; and (4) the local assessments were not in fact made according to the benefits.

1. So far as the last three objections are concerned, it is sufficient to say that they do not go to the jurisdiction of the council to make the improvement, and therefore can not be used as the basis of a suit for an injunction to restrain the collection of the assessment after the street has been improved. It is the settled law of this state, supported by the weight of authority, that, where the municipal authorities have jurisdiction to improve a street, a property owner, who, with knowledge of such improvement, makes no objection until after the work has been completed, can not enjoin the collection of the assessment on the ground that the proceedings have not been regular: *Wilson* v. *City of Salem*, 24 Or. 504 (34 Pac. 9, 691); *Barkley* v. *Oregon City*, 24 Or. 515 (33 Pac. 978); *Strout* v. *City of Portland*, 26 Or. 294 (38 Pac. 126); *Balfe* v. *Lammers*, 109 Ind. 347 (10 N. E. 92); Elliott, Roads & Sts. (2 ed.) § 589.

2. In support of the other objection it is urged that the establishment of the grade of a street is necessary before any proceedings are had or taken for its improve-

ment at the expense of the property owners, and that, unless such grade is established, the council is without jurisdiction to proceed with the improvement. In July, 1891, in pursuance of the authority vested in it by the charter, the council passed an ordinance establishing the grade of what was then Seventh Street, but is now Grand Avenue. It is contended, however, that the ordinance is void, because it was approved by the president of the council at a time when there was a vacancy in the office of mayor (*Babbidge* v. *City of Astoria*, 25 Or. 417, 36 Pac. 291, 42 Am. St. Rep. 796), and hence no grade was ever legally established. There is no provision in the charter making the establishment of a grade a condition precedent to the right or power of the council to improve the street, or prohibiting such improvement before the grade is established. If any such requirement is to be found therein, it is by implication, not by direct provision. But it is unnecessary for us to examine that question at this time, for, even if it be conceded that the charter contemplates that the grade of a street shall be established before the improvement is begun, and that proceedings for the improvement prior thereto, upon seasonable objection and in an appropriate proceeding, would be held invalid, as in *State* v. *District Court of Ramsey County*, 44 Minn. 244 (46 N. W. 349); *State* v. *Judges of District Court*, 51 Minn. 539 (53 N. W. 800, 55 N. W. 122),—we are clearly of the opinion that where, as in this case, the council has attempted to establish the grade, mere irregularity, or even invalidity, in the proceedings, not amounting to a want of jurisdiction, would not affect its power to subsequently improve the street according to such grade, or afford ground for an injunction by a property owner to restrain the collection of an assessment for such improvement after the work had been completed. Under the charter, proceedings for the establishment of the grade

and the improvement of the street are entirely independent of each other, and governed by different provisions of law (Laws, 1895, p. 558); and, even if the prior establishment of a grade is necessary, there is no more reason for enjoining the collection of a street assessment because the grade was not legally made than because the street was not legally opened in the first instance. Upon this latter question, Mr. Elliott says: "If the municipality had no jurisdiction over the general subject, or if it could not possibly acquire any right to the street, the proceedings might be absolutely void for want of jurisdiction, and the question of the legal existence of a street which a city is attempting to improve, and its right to do so, may doubtless be raised upon a direct attack seasonably made; but, unless there is a want of jurisdiction over the general subject, or, possibly, over the particular property, the proceedings can not, ordinarily at least, be collaterally attacked, after the improvement has been made, upon the ground that the city had not acquired the right to the street at the time the order was made": Elliott, Roads & Sts. (2 ed.) § 508. So, too, proceedings for the improvement of the street can not be collaterally attacked in a suit to enjoin the collection of the assessment, after the improvement has been made, upon the ground that some prior proceedings for the establishment of the grade were irregular or invalid. In the case of *Babbidge* v. *City of Astoria*, 25 Or. 417 (42 Am. St. Rep. 796, 36 Pac. 291), the ordinance declared void formed the basis of the assessment sought to be enjoined. Without a valid ordinance, there was no assessment that could be enforced; hence that case is not authority in this. It follows that the decree of the court below must be affirmed, and it is so ordered.

AFFIRMED.