Argued Jan. 11, decided Jan. 24, rehearing denied Feb. 21, 1911.

## RUBIN v. CITY OF SALEM.

[112 Pac. 713.]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—NOTICE.

1. Under city charter of Salem (Sp. Laws 1899, p. 936) Section 27, requiring the recorder to give a notice "specifying with convenient certainty the street proposed to be improved and the kind of improvement which is proposed to be made," a notice of improvement of a certain street "by grading the same with proper crown and gutters to a point eight inches below the established grade thereof, and by then macadamizing the same with crushed rock eight inches deep, the same to be properly spread and rolled," was not insufficient, for not stating that

the contractor should remove the crosswalks, and that the curbing should consist of certain sized lumber nailed to posts at certain distances.

Municipal Corporations — Public Improvements — Acceptance of Work.

2. The city council having by proper notice of improvement of a street acquired jurisdiction, the ordinance adopting the plans and specifications could not be collaterally attacked.

Municipal Corporations—Public Improvement—Jurisdiction.

3. Whether the work in improving a street was completed according to plans and specifications did not affect the jurisdiction of the council.

Municipal Corporations — Public Improvements — Defects — Collateral Attack.

4. Where it is admitted by plaintiffs that the council accepted the improvement as being made according to the plans and specifications, this is conclusive in a collateral attack, jurisdiction having been obtained.

From Marion: William Galloway, Judge.

Statement by Mr. Chief Justice Eakin.

This is a suit by Peter Rubin and John Feldmann to enjoin the City of Salem and D. W. Gibson, as marshal of said city, from collecting a street improvement assessment. The issues arise between the answer and reply. The answer, as a defense to the suit, sets up in detail the proceedings of the city in initiating and making the improvement, and the assessment of the expense thereof upon the adjacent property. The reply denies certain allegations of the answer, namely, that the plans and specifications were adopted on June 2, 1905; that the Warren Construction Company, to whom was let the contract for making the improvement, was the lowest bidder; that the cost of making the improvement was provided by ordinance or assessed to the property liable therefor; that the contract provided for the improvement to be made according to the plans and specifications, or that plaintiffs' property was liable for any portion of the expense thereof. It admits the allegations of the answer, to the effect that the council by resolution declared its purpose to improve the street, in a manner specified, by macadamizing the same with crushed rock at the expense of the owners of adjacent property, as provided in the

charter and ordinance, and directed the recorder to give
due notice thereof; and that the recorder did give notice,
to the effect that the council proposed to improve a cer-
tain part of South Commercial Street, specifically men-
tioned, by grading the same with crown and gutters and
then macadamizing it with crushed rock; that the city
did prepare plans and specifications for grading, macad-
amizing, and curbing the. same and removing the cross-
walks therefrom; and providing that when the work is
completed the surface of the finishing course at the center
of the street shall conform strictly to the grade established
by ordinance, with a constructed curb of lumber, 3x12
inches, on each side of the improvement.  On the trial
findings were made for the defendant, and the suit was
dismissed.  Plaintiff appeals.                    AFFIRMED.

For appellants there was a brief and oral arguments by
*Mr. George G. Bingham* and *Mr. John Bayne.*

For respondents there was a brief over the names of
*Mr. Walter E. Keyes* and *Mr. John H. McNary* with oral
arguments by *Mr. Grant Corby* and *Mr. McNary.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Plaintiffs concede that the main question presented
by the record is: Did the city acquire jurisdiction to
make the improvement set out in the answer?  The
notice, which is a publication of the resolution of the
council proposing the improvement, describes it as fol-
lows:  To improve the following described part of Com-
mercial Street in said city by grading the same with
proper crown and gutters to a point eight inches below
the established grade thereof, and by then macadamizing
the same with crushed rock eight inches deep.  The same
to be properly spread and rolled"; the improvement to
be made at the expense of the owners of the adjacent
property.  This notice was published on April 18, 1905.

The council, on June 2, 1905, adopted the plans and specifications, which, among other things, provide that the contractor shall remove from the street the crosswalks, and that the curbing shall consist of lumber 3x12 inches in size, nailed to oak posts six feet apart. Plaintiffs contend that these two elements are not included in the notice published, and by reason thereof it is insufficient.

The charter (Sp. Laws 1899, p. 936) does not authorize the city to make the improvement if the owners of more than two-thirds of the superficial area of the property adjacent to the street, remonstrate against it, and therefore in the present instance the council could only propose the improvement by directing the recorder to give the notice specified in section 27, which must "specify with convenient certainty the street proposed to be improved and the kind of improvement which is proposed to be made." If no such remonstrance is made and filed, the council may commence to make the proposed improvement, by determining its probable cost, and assess upon each lot its proportionate share. Although the notice provided for in section 27 is jurisdictional, it is not necessary to set out the plans and specifications, or do more than specify in general terms with convenient certainty the kind of improvement which is proposed to be made. The removal of crosswalks only relates to obstructions in the way of the work and, as the improvement is to be provided with gutters, a curb may be deemed to be a necessary part of the improvement, and specifying in the notice that the street is to be improved with crown and gutters and macadamized eight inches deep is a sufficient general designation of the kind of improvement proposed to be made. As supporting the contention of plaintiffs, we are referred to the cases of *Ladd* v. *Spencer*, 23 Or. 193 (31 Pac. 474), and *Clinton* v. *Portland*, 26 Or. 410, 412 (38 Pac. 407), which construe the charter of East

Portland of 1885, in which the terms of the charter upon this matter are almost identical with the Salem charter. In the first case mentioned the specification of the improvement is, "by building to the established grade an elevated roadway 36 feet wide," in which it was held that such a specification was wholly insufficient, and correctly so, as it gives no intimation of the character of the improvement proposed. In the latter case the description in the notice is identical with that in *Ladd* v. *Spencer,* 23 Or. 193 (31 Pac. 474), with the addition that it is to be built "according to the plans and specifications now on file," in which it is held that, without referring to the specifications, the notice would have been insufficient. But the notice in the present case contains a specific designation as to what the improvement shall consist of, except it does not expressly mention the curbs. But we think it sufficiently comprehensive to include them.

The charter provisions relating to this question are (section 25):

"The city council shall have power and is authorized whenever it deems it expedient, * * to establish or alter the grade and improve any street or part thereof * * within the limits of said city, and to lay down all necessary sewers and drains; and to build and maintain, or cause to be built or maintained, any streets or parts thereof; and they shall establish the grade * * and direct the character of materials to be used in the improvement thereof, and the manner of such improvement, and the said improvement of streets and sidewalks and crosswalks herein provided for shall be done at the expense of the owners of adjacent property."

Section 26 provides that no grade or improvement mentioned in section 25 can be undertaken without ten days' notice thereof being first given by publication. Section 27 provides that "such notice must be given by the recorder by order of the council, and must specify

with convenient certainty the sewer or street or part thereof, proposed to be improved or of which the grade is proposed to be established or altered, and the kind of improvement which is proposed to be made." There is no requirement in the charter that the council shall prepare plans and specifications or by resolution describe the work in detail before directing the notice to be issued. No mention is made of any particular kind of improvement, but the council is authorized to improve the street and direct the character of material to be used.

2, 3. Plaintiffs cite the case of *Beaudry* v. *Valdez,* 32 Cal. 269, and *Schwiesau* v. *Mahon,* 128 Cal. 114 (60 Pac. 683), to the effect that no improvement can be made other than that which is specifically described in the resolution and notice. But the California statute of 1863 and 1864, p. 333, by section 2, provides that the council is authorized to order any streets to be paved, repaved, macadamized, piled; to order sidewalks, sewers, manholes, curbing and crosswalks, and other work to be done, which shall be necessary. Section 3 provides that the council may order any work authorized by section 2 to be done after notice of their intention to do so, in the form of a resolution "describing the work," has been published for a period of ten days. Thus, by the statute, each kind of improvement is specifically designated, and therefore it is held that the resolution and notice of the proposed improvement, naming one kind, does not include the other. The requirements of the resolution and notice therefore are different from those of the Salem charter, which only requires the notice to specify with convenient certainty the "kind of improvement" which is to be made. The curbing in this case, as is shown by the specifications, is only an incident to the macadamizing and a very inconsiderable part of the expense, and may well be deemed essential to the macadamizing within the terms of the notice published.

In *Harney* v. *Heller,* 47 Cal. 15, it is held that the notice of intention need not set out the specifications of the improvement, and in *Emery* v. *San Francisco Gas Co.,* 28 Cal. 345, 376, the notice was held sufficient which described the improvement as "grade and macadamize." In *Mason* v. *City of Sioux Falls,* 2 S. D. 640 (51 N. W. 772: 39 Am. St. Rep. 802), construing a statute, in which paving, macadamizing, and curbing are each mentioned, as a definite kind of improvement, it is held an assessment for curbing is not within the notice which did not mention it, but it is by the terms of the statute that this becomes necessary.  The council having acquired jurisdiction to make the improvement, the ordinance adopting the plans and specifications cannot be attacked collaterally and whether the work was completed according to the contract and specifications does not go to the jurisdiction of the council.

4. It is admitted by plaintiffs that the council accepted the improvement as being made according to the plans and specifications, and this is conclusive in a collateral attack, jurisdiction having been obtained:   *Wingate* v. *Astoria,* 39 Or. 603, 604 (65 Pac. 982) ; *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407) ; *Barber Asphalt Pav. Co.* v. *Edgerton,* 125 Ind. 455 (25 N. E. 436).   No objection was raised to the action of the council in making the improvement, except that plaintiffs' grantor filed a protest against the assessment on the ground that the council had no jurisdiction to make it.   Whether the improvement was made on the established grade cannot be questioned in this suit, jurisdiction being established and plaintiffs having waived all irregularities in the proceedings:   *Wilson* v. *Salem,* 24 Or. 512 (34 Pac. 9, 691) ; *Wingate* v. *Astoria,* 39 Or. 604 (65 Pac. 982).

The decree of the lower court is affirmed.

AFFIRMED.