Submitted on briefs April 2, decided June 4, rehearing denied October 15, 1912.

### JONES v. CITY OF SALEM.

(123 Pac. 1096.)

**Municipal Corporations—Sewer Districts—Notice—Sufficiency.**

1. Where the notice in proceedings to establish a sewer district and to construct a sewer in the city of Salem did not describe the boundaries of the district or the property to be affected, except by reference to maps and specifications, which were incomplete and failed to furnish the required information, it did not comply with Salem City Charter, § 27, requiring that the notice specify with convenient certainty the sewer or street, or part thereof, proposed to be improved, and the kind of improvement to be made.

**Municipal Corporations—Sewer Assessments—Necessity of Notice.**

2. Where no notice sufficient to comply with the requirements in Salem City Charter was given in the proceedings to establish a sewer district and to construct a sewer, the city council had no jurisdiction, and sewer assessments levied in such proceedings were invalid.

**Municipal Corporations—Levy of Sewer Assessments—Conditions Precedent.**

3. It must affirmatively appear from the city council's record in proceedings to levy sewer assessments that the statutory conditions precedent have been observed.

Municipal Corporations—Invalid Sewer Assessment—Perform-
    ance of Work—Injunction.
    4.  Where the council of the city of Salem levied a sewer
assessment without jurisdiction from the beginning, the property
owners were not estopped from enjoining the collection of the
assessment because the work had been partly performed before
their suit was commenced.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by T. D. Jones and 58 others to enjoin the collection of certain assessments levied by Ordinances 821 and 876 of the city of Salem. The circuit court entered a decree sustaining the assessment by the first ordinance, and held that made by the latter to be void. Both parties appeal therefrom. On January 25, 1909, the common council of the city of Salem passed a resolution declaring that it deemed it expedient to construct a sewer on all the territory lying south and east of the district drained by the Court street and Ferry street sewers and directing the city engineer to prepare plans and specifications for such construction. On April 25, 1910, plans and specifications for the contemplated work were presented at an estimated cost of $140,673.81. These were adopted and filed in the office of the city recorder. On the same date the council adopted a resolution stating that it proposed to establish a sewer district, to be known as the South Salem district, and to construct a sewer therein, "according to the maps, plans and specifications prepared by the city engineer of said district at the expense of the property benefited thereby and situated within the boundaries of said district." The city recorder was directed to publish the following notice for 10 days in a daily newspaper of the city:

"Notice of Intention to Establish a Sewer District, and
    Construct a Sewer System for South Salem.

    "Notice is hereby given that the common council of the

City of Salem, Oregon, deems it expedient and proposes to construct a sewer system to be known as the South Salem sewer district, at the expense of the benefited property within said district, which said district and said sewer system is more particularly described in the maps, plans and specifications prepared by the city engineer and on file at the office of the city recorder, and which said maps, plans and specifications are hereby referred to the same as if they were fully written herein.

"This notice is published for 10 days by order of the common council of the city of Salem, Oregon, and the date of the first publication thereof is the 27th day of April, 1910.              W. A. Moores, City Recorder."

This notice was published for the required period as directed. Thereafter, pursuant to the direction of the council, the city recorder published a second notice for three days, giving the time the council would assess upon the property liable therefor its proportionate share of the cost of the construction of the South Salem sewer, according to the maps, plans, and specifications adopted. On June 27, 1910, the council enacted Ordinance 821, levying an assessment upon the property benefited, for the construction of the South Salem sewer as designated and described on the maps, plans, and specifications theretofore adopted for such sewer, and on file at the office of the city recorder, and declaring the proportionate cost to each owner of property liable for assessment within the district, making the same a lien on the property so assessed for the cost of the construction of the sewer. The council on December 19, 1910, without further notice, passed Ordinance No. 876, declaring a deficit of $43,307.92 in the cost of the sewer, and levying an assessment upon the property therefor, both of which assessments were entered in the docket of city liens.

Plaintiffs allege that a portion of the property assessed is situated in thickly populated parts of the city, and is of great value; that other portions are located in rural sections, are of small value, and comprise tracts of land,

which, by reason of the physical topography, are unsuitable for building purposes and can never be benefited by the proposed improvements; that other parts lie below the grade of the proposed sewer, and cannot be benefited thereby; and, further, that the assessment was made without regard to the direct benefits which would result from the improvement.

MODIFIED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Grant Corby,* City Attorney, and *Mr. John H. McNary.*

For respondents and cross appellants there was a brief over the names of *Mr. Claire M. Inman* and *Mr. Myron E. Pogue.*

MR. JUSTICE BEAN delivered the opinion of the court.

At the threshold of the case, we are met by the plaintiffs' contention that the city officers gave the property owners no notice that their real estate was to be affected by the ordinance, for the reason that the attempted notice did not specify with convenient certainty the property included in the district and assessed for the improvement; and that the notice, maps, plans, and specifications wholly failed to designate the boundaries of the drainage district, or to furnish a description of the property to be taxed. It is further claimed that the assessment for the construction of the sewer was not levied upon the property directly or specially benefited by such construction, in proportion to the cost thereof; that plaintiffs had no opportunity to be heard upon the matter of the apportionment; that there is no legal subdivision of the city known as South Salem; that plaintiffs' property will not be directly benefited by the improvement; and that the assessment is void. The opinion in *Rogers et al v. City of Salem,* 61 Or. 321 (122 Pac. 308), a case involving the assessments for the North Salem sewer,

Sig. 5

sets out at length several provisions of the charter. It will only be necessary here to refer to some of these. Section 27 of the charter requires that the notice must specify with convenient certainty the sewer or street or part thereof proposed to be improved, and the kind of improvement to be made. Section 52 authorizes the council to lay necessary sewers and drains and assess the cost thereof on the property directly benefited, and, except as to the mode prescribed in sections 43 and 44, directs such expense to be assessed and collected in the same manner as is provided in the case of street improvements.

1. In the notice and proceedings taken by the city council, there was no attempt to comply with the provisions of the charter by describing the boundaries of the district, or the property to be affected, except by a reference to the "maps, plans and specifications prepared by the city engineer and on file at the office of the city recorder." In the Rogers case, this court, following the rule announced in *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407), held that where the maps, plans, and specifications were accessible to the taxpayers, and furnished information as to the lines of the sewer district, the boundaries of the same being marked and explained on the map with a description of the property proposed to be taxed, the notice referring thereto was rendered complete. We must therefore refer to the maps, plans, and specifications in evidence to ascertain whether or not the boundaries of the sewer district, or a description of the property, are furnished therein. The vital question is: Did the property owners have notice that their real estate was to be taxed? The map in evidence is marked upon the margin as follows: "Plan of Sewer for South Salem." It contains five designated districts, named "A," "B," "C," "D," and "E." Neither the whole map, nor any portion thereof, is indicated as the South

Salem sewer district, and we find thereon no explanation or description of the exterior lines of the property proposed to be taxed. Several lots, blocks, streets, and tracts of land are shown, besides other lines and marks which are in no way explained. When we consider the resolution of the council, it is evident that the whole map was not intended to represent the South Salem sewer district, and a careful inspection thereof fails to show the area of such a tract. The map is incomplete. It does not furnish the interested property owners, either with the required information as to the lines of the sewer district, or with a description of the property proposed to be assessed. An examination of the specifications fails to disclose any description of the territory to be drained, or of the boundaries of the sewer district. The required information is not supplied by the specifications. The notice and the proceedings pursuant thereto do not afford a reasonable opportunity for the interested parties to make objections to the passage of the ordinance, or to be heard in regard to their rights in the matter. The facts in this case differ from those in *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407). In one of the South Salem sewer cases the engineer who drew the map stated that the assessment roll could be taken to determine the drainage district. The assessment roll, however, is not referred to in either of the notices. It is clear from the whole record that interested parties would have had to seek information other than that contained in the notice, and in the records referred to therein, in order to ascertain whether or not their property was intended to be taxed.

2. Under the charter of the City of Salem, notice must be given at some stage of the proceedings to the property owners whose land is to be taxed before an assessment for the construction of a sewer can be sustained, as in any other demand upon the individual for a portion of

his property. This is necessary to confer jurisdiction upon the council. *Paulson* v. *City of Portland,* 16 Or. 450 (19 Pac. 450: 1 L. R. A. 673: 149 U. S. 30, 38: 13 Sup. Ct. 750: 37 L. Ed. 637) ; *Houck* v. *City of Roseburg,* 56 Or. 238, 243 (108 Pac. 186) ; *Ladd* v. *Spencer,* 23 Or. 193 (31 Pac. 474) ; *Rogers* v. *Salem,* 61 Or. 321; *Rubin* v. *City of Salem,* 58 Or. 91, 94 (112 Pac. 713).

3. It must affirmatively appear from an inspection of the records of the council in its proceedings for the levying of such assessments that the statutory requirements prescribed as a condition precedent to an exercise thereof have been observed. *Applegate* v. *City of Portland,* 53 Or. 552, 555 (99 Pac. 890) ; *Oregon Transfer Co.* v. *Portland,* 47 Or. 1 (81 Pac. 575: 82 Pac. 16) ; *Strout* v. *Portland,* 26 Or. 294, 299 (38 Pac. 126) ; *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac. 1112).

4. It is contended on behalf of defendant that plaintiffs are estopped from questioning the validity of the assessments for the reason that a portion of the work was performed prior to the commencement of this suit. In proceedings for levying an assessment, if the common council is without jurisdiction from the beginning, a person whose property is affected by such assessment is not estopped to deny the validity of the proceedings on the ground that he made no objection thereto, while the improvement was under progress. *Strout* v. *City of Portland,* 26 Or. 300 (38 Pac. 127). It appears that there is no legal subdivision of the city known as South Salem, or any definite limits of the locality generally known by that name. Neither is this name given in the notice as a description of the area to be drained, but merely as a designation for the contemplated sewer district. The charter requirement in regard to notice must be complied with. Any failure to give the notice required by statute will usually invalidate the assessment. 2 Elliott, Roads and Streets, § 700. The charter which is

the sole source of authority of the city to make the assessment prescribes the mode of exercising the power. "The mode," it has been said, "constitutes the measure of power." 2 Elliott, Roads and Highways, § 665; *Terwilliger Land Co.* v. *City of Portland,* 62 Or. 101 (123 Pac. 57, 59).

The defect in the first notice is not cured by the second notice, which contains no description of the property to be assessed. All the proceedings by the city council, prior to the levying of the assessment, refer in the same manner to the real estate proposed to be taxed. The notice being insufficient, the council without authority to pass the ordinances, and the assessment therefore void, renders it unnecessary to consider the other questions raised. By reason of the failure of the council to observe the mandate of the city charter requiring that notice be given to the property owners, the decree of the lower court should be modified, and the assessments levied under both ordinances set aside; and it is so ordered.·

Modified: Rehearing Denied.

Justices Moore and Burnett did not sit in this case.

---

Motion to Dismiss Appeal decided Dec. 12, 1911; Motion to Dismiss Appeal renewed and decided June 18; argued Aug. 1, decided Aug. 13, rehearing denied Oct. 15, 1912.