Argued January 22, decided February 4, 1913.

**HENDRY v. CITY OF SALEM.**\*

(129 Pac. 531.)

**Municipal Corporations—Public Improvements—Assessment of Benefits—Effect of Irregularities.**

1. Where the proceedings for making a street improvement were regular, and the city council had jurisdiction to order the improvement, and to enter into the contract, mere irregularities in the method of carrying on the work did not release the property owners from the obligation of paying their assessments.

**Municipal Corporations—Public Improvements—Performance of Work—Acceptance.**

2. Where a city council accepts a street improvement, its decision that the improvement complies with the contract is, in the absence of fraud, conclusive on the property owners.

**Evidence—Presumptions—Official Acts.**

3. In an action to enjoin the collection of a special assessment for a street improvement, where the complaint does not allege that the notice to property holders interested, required by the city charter to be given before the issuance of the warrant for the collection of the tax, was not given, it will be presumed that this official duty was regularly performed.

**Municipal Corporations—Joinder—Persons Who May Join.**

4. Where several property owners join in an action to enjoin the collection of a special assessment for a street improvement, relief against the assessment can only be given on a ground common to all the plaintiffs, and hence two of the plaintiffs cannot be granted relief on the ground that their lots were described in the notices of the improvement as the property of other persons, where this was not true as to the lots of the other plaintiffs.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is a suit by W. W. Hendry and others against the City of Salem and D. W. Gibson, to enjoin the city from

---

*On the question of the finality of decisions pertaining to local improvements, see note in 19 L. R. A.ⁿ [N. S.] 382.          REPORTER.

collecting an assessment for the improvement of North Front street.

There was a decree for defendants and plaintiffs appeal.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Alva O. Condit.*

For respondents there was a brief with oral arguments by *Mr. Grant Corby* and *Mr. Rollin K. Page.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

The principal contention is that the improvements made do not correspond to the specifications in a number of particulars, and that the council fraudulently accepted the work knowing this fact.

1, 2. The proceedings for making this improvement seems to have been entirely regular, and the council had jurisdiction to order the improvement and to enter into the contract. This being the case, mere irregularities in the method of carrying on the work will not be sufficient to release the property owners from the obligation of paying their assessments. *Wilson* v. *Salem,* 24 Or. 504 (34 Pac. 9) ; *Rubin* v. *Salem,* 58 Or. 91 (112 Pac. 713). The council accepted the improvement, and, in the absence of fraud, their decision that it complied with the contract is conclusive. *Rubin* v. *Salem,* 58 Or. 91 (112 Pac. 713) ; *Wingate* v. *Astoria,* 39 Or. 603 (65 Pac. 982) ; *Clinton* v. *Portland,* 26 Or. 410 (38 Pac. 407). No fraud on the part of the city council or of any city official is disclosed by the evidence. While there may have been slight deviations from the contract in respect to the size and quality of gravel employed, we think the evidence tends to show that as a net result the property holders have as good and substantial a street as they would have had in the event of a strict and literal compliance with the contract. There was a substantial compliance with the plans and specifications. *Barkley* v. *Oregon City,* 24 Or. 515 (33 Pac. 978).

3. It is claimed that under the charter of the City of Salem no warrant can be issued for the collection of a tax until after 10 days' service of notice has been given to property holders interested, but the complaint does not charge any failure to give this notice. In the absence of any allegation in the complaint to the contrary, the presumption arises that official duty has been regularly performed in this regard. This is a court of equity, and plaintiffs stand in a poor position in a court of conscience when they come here declaring that they will never pay their assessments, which they deem wholly void, and when they specify particularly just the amount demanded of each of them, and in the same breath complain that they have not been informed, personally or by mail, of the amount claimed from them.

4. It is also claimed that there was a mistake in the notices of the improvement, the lots of plaintiff Hendry and Bybee being wrongly described as being the property of other persons from whom they have received conveyances of the property, and this appears to be the case; but they cannot obtain relief in this suit upon grounds which are not common to all the plaintiffs. If the tax is void as to all for a reason common to all, all can have a decree; but where the grounds of suit arise out of circumstances wholly variant as in this case, where all claim that the assessment should be enjoined because of fraud of the council in accepting the improvement, and, as to these two plaintiffs, for another reason constituting an entirely different cause of suit, we can only consider those propositions where all the plaintiffs meet upon common ground. Though different interests may unite in a suit to prevent a wrong, it must be a wrong common to all. *Paulson* v. *City of Portland,* 16 Or. 450 (19 Pac. 450: 1 L. R. A. 673).

The decree of the circuit court is affirmed.

AFFIRMED.