Argued November 12, decided November 25, 1913, rehearing denied January 6, 1914.

## DYER *v.* BANDON.

(136 Pac. 652.)

**Municipal Corporations—Street Improvements—Sufficiency of Notice.**

1. Under charter provisions that improvements should not be undertaken without ten days' notice thereof by publication in some city newspaper, specifying with convenient certainty the street or part thereof proposed to be improved and the kind of improvement proposed, a published notice that the city council had ordered Sixth Street improved from the west line of Broadway, thence west, including therein Randolph Avenue, to the east line of West Bandon, such improvement to consist of grading, sidewalks, and flumes, was invalid for want of a certain description of the proposed improvement and gave the council no jurisdiction to complete it.

**Municipal Corporations—Improvements—Invalidity—Estoppel to Assert.**

2. Where there is an entire lack of jurisdiction to order the improvement, a property holder is not estopped from asserting the invalidity of the proceedings by reason of having failed to assert their invalidity before the work is completed.

**Municipal Corporations—Assessments for Improvement—Injunction—Parties.**

3. Where all the plaintiffs, in an action to enjoin the collection of an assessment for improvements, had the same common ground for relief, that being lack of jurisdiction in the council to order the improvements, there was no improper joinder of parties plaintiff.

From Coos: JOHN S. COKE, Judge.

Department 2. Statement by MR. CHIEF JUSTICE MCBRIDE.

This is a suit by Euphemia Dyer, Elbert Dyer, Louise Hicking, Stephen Gallier and E. M. Gallier

against the City of Bandon, a municipal corporation, P. Hanrahan, W. H. Logan and D. P. Plymale, contractors, for the improvement of Sixth Street and Randolph Avenue in said city, to restrain the collection of a street assessment. That portion of the charter of Bandon bearing upon the matter in hand is as follows:

"No grade or improvement mentioned in the preceding section can be undertaken or made without ten days' notice thereof being given by publication in some newspaper published in the City of Bandon, or by posting such notice thereof in three public places in said city, except as herein otherwise provided; also mailing a copy of such notice to property owners within the corporate limits, where known to the recorder. * * Such notice must be given by the recorder by order of the council, and must specify with convenient certainty the street or part thereof proposed to be improved, or of which the grade is proposed to be established or altered, and the kind of improvement which is proposed to be made."

On February 1, 1911, the council passed a resolution directing the recorder to advertise notice of the street improvement in question; the nature of the proposed improvement to be stated as follows:

"Said improvement to consist of grading the street and avenue and building sidewalk on both sides of said street and avenue, sidewalk to be six feet wide, also that wood flumes be built in the three small creeks in the Woolen Mill and Woodland additions, a concrete flume to be built on Gross Creek, retaining walls to be of wood and Gross Creek to be filled over the culvert."

Thereafter the recorder published such notice, which, so far as affects the matter at bar, is as follows:

"Notice is hereby given that on February 1, 1911, the common council of the City of Bandon, Coos County, Oregon, at a regular meeting thereof, by reso-

lution, ordered that Sixth Street be improved from the west line of Broadway thence running west, including therein Randolph Avenue, to the east line of West Bandon. Said improvements to consist of grading the street and building sidewalks on both sides of street, said sidewalks to the six (6) feet wide; that a concrete flume be built on Gross Creek, where creek crosses Sixth Street, the retaining walls to be of wood; and that a fill be made over culvert or flume, also that a wooden flume be built in the three (3) small creeks in the Woolen and Woodland additions which creeks also cross Sixth Street."

Later the counsel passed an ordinance authorizing the improvement, and the street was improved. The plaintiffs refused to pay the assessment levied against their property for their share of said improvements and brought this suit to enjoin the collection of the assessment. The defendants had a decree in the court below and plaintiffs appeal.

REVERSED: DECREE RENDERED.

For appellants there was a brief over the names of *Mr. G. T. Treadgold, Mr. George F. Topping* and *Mr. L. A. Liljeqvist,* with an oral argument by *Mr. Treadgold.*

For respondents there was a brief, with oral arguments by *Mr. A. J. Sherwood* and *Mr. F. J. Feeney.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. We are not compelled to go beyond the decisions of our own court for authority decisive of the questions raised on this appeal. The case of *Ladd* v. *Spencer,* 23 Or. 193 (31 Pac. 474), is exactly in point. The provisions of the charter of East Portland quoted in the opinion in that case are practically identical with Sections 57 and 58 of the Bandon charter. The notice

in that case described the nature of the improvement as follows: "From the center line of Seventh Street to a point at the west line of Ninth Street, by building to the established grade an elevated roadway thirty-six feet wide and elevated sidewalks twelve feet wide." It will be noticed that the description above given was quite as definite as that given in the case at bar; yet the court held the proceeding void; Mr. Justice MOORE using the following language: "Respondent claims that the first notice was insufficient and void because it did not describe with any certainty the kind of improvements required, and that the second notice was issued and published without authority and therefore void. Do the words, 'by building to the established grade an elevated roadway 36 feet wide and elevated sidewalks 12 feet wide,' give with convenient certainty the kind of improvement required for that part of said street lying between the center line of Seventh and the west line of Ninth Street? It cannot be ascertained with convenient or any certainty from an inspection of the published notice, nor from an examination of said petition, the description of which is copied in the said notice, what kind of material, nor the size, quality or character thereof, was required for this elevated roadway. The owner of each lot abutting upon this street whose property might be benefited or injured by the proposed improvement was entitled to know just what kind of improvements were contemplated. The legal issue of the notice and its proper publication were for his benefit and protection and were the means by which the council acquired jurisdiction to subject his property to the burden necessary to defray the expense of making the improvement. This was not such a notice as the charter prescribed nor such as the owner of property adjoining said street was entitled to, since it did not inform him of the char-

acter, nor could he from it estimate the probable cost, of the proposed improvement. No jurisdiction to levy a special assessment could possibly be claimed by the publication of such a notice, and any proceedings had thereupon were void." This holding has been approved in *Clinton* v. *City of Portland,* 26 Or. 410 (38 Pac. 407); *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac. 1112); *Rubin* v. *City of Salem,* 58 Or. 91 (112 Pac. 713; *Jones* v. *City of Salem,* 63 Or. 126 (123 Pac 1096). It follows from the reasoning of these decisions that the notice published was invalid and that the council never obtained jurisdiction to make the proposed improvement, unless plaintiffs in standing by and making no protest against the work are estopped from asserting the invalidity of the proceedings by which it was initiated.

2. Where there is an entire lack of jurisdiction to order the improvement, as is the case here, it has been invariably held in this state that a property holder is not estopped from asserting the invalidity of the proceedings by reason of his having failed to assert their invalidity before the work is completed: *Strout* v. *City of Portland,* 26 Or. 294 (38 Pac. 126), and cases there cited; *Jones* v. *City of Salem,* 63 Or. 126 (123 Pac. 1096).

3. It is also contended that there is an improper joinder of parties plaintiff. The plaintiffs all have one common ground for relief, namely, the lack of jurisdiction in the council to order the improvement. In this the case differs from *Hendry* v. *City of Salem,* 64 Or. 152 (129 Pac. 531), cited by counsel for defendants.

It follows that the decree of the Circuit Court must be reversed and a decree entered here for plaintiffs.

REVERSED: DECREE RENDERED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.