JAMES T. TAYLOR *v.* CITY AND COUNTY OF HONOLULU BY A. M. BROWN, CITY AND COUNTY ATTORNEY, AND D. L. CONKLING, CITY AND COUNTY TREASURER.

No. 1160.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED JUNE 18, 1919.          DECIDED JULY 23, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

MUNICIPAL CORPORATIONS—*public improvement—contract.*

Allegations of slight variances from specifications which do not

affect the character of the work are not facts sufficient to establish fraud in the performance of a contract of such a nature as to warrant the intervention of a court of equity and the granting of an injunction to restrain the collection of the assessment.

SAME—*same—assessment.*

An assessment will not as a rule be set aside for minor irregularities that in no way affect substantial rights of property owners.

SAME—*same—same—conclusiveness.*

Where a city is vested with power to determine what property is benefited by a local improvement and to assess the cost upon such property, its decision is conclusive except in case of fraud or mistake.

SAME—*same—contract—acceptance.*

The acceptance of the contract by the engineer and by the board of supervisors must in the absence of fraud be regarded as conclusive.

SAME—*same—assessment—constitutionality.*

Neither the relative importance of the work to the value of the land assessed nor that the assessment is unequal as regards the benefits conferred is a matter in which the local authorities are controlled by the Federal Constitution.

OPINION OF THE COURT BY EDINGS, J.

This is an interlocutory appeal from an order and decree of the first judge of the circuit court of the first circuit, sitting in equity, overruling the demurrer of the respondents to the amended bill of the complainant, said amended bill having been filed by leave of court after a demurrer had been sustained to the original bill. The amended bill recites in substance that complainant is the owner in fee of certain premises in the Puiwa district in Honolulu, abutting on Laimi and Park roads, described as lots 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, shown on a corrected map of frontage improvement district number 7, Laimi, Park and Puiwa roads, dated November 26, 1917; that prior to the 17th day of October, 1917, the board of supervisors of the City and County of Honolulu determined

upon and proceeded with the improvement of Laimi, Park and Puiwa roads under an improvement known as frontage improvement district number 7; that on the 18th day of October, 1917, a resolution was duly adopted by the board of supervisors of the City and County of Honolulu whereby a contract was awarded to one John Duggan for the improvement of said roads and the construction of concrete roads, drainage systems and curbing along the property lines of the abutting owners, including complainant; that previous to the awarding of said contract the said John Duggan had entered upon the premises aforesaid and had begun the work of improving said streets and thereafter a contract was signed by the officers of the City and County of Honolulu for the completion of said improvements in accordance with certain plans and a certain contract and specifications made a part of said bill; that thereafter and in purported pursuance of the terms of said contract the said John Duggan began to build said Park and Laimi roads, but notwithstanding the terms of said contract and of said specifications the said John Duggan carried on the work of constructing said roadway on said Park road negligently, unskilfully, fraudulently and in entire disregard of said contract and said plans and specifications in the following particulars, to wit: "(a) by violating the terms of paragraph 42 of said specifications, whereas said paragraph requires the contractor to incorporate not less than six (6) bags of cement in every cubic yard of concrete, the said John Duggan used and incorporated in a stretch of concrete roadway of about eleven hundred (1100) feet on said Park road in front of the lots of complainant aforesaid, less than five and one-half (5½) bags of cement to each cubic yard of concrete as there laid; that the roadway so constructed is of a quality greatly inferior to that prescribed by said contract and

specifications and of greatly less value and greatly less permanent;" (b) by violating a clause of said specifications requiring the subgrade to be at least five inches below the finished surface and that the subgrade when rolled should be not less than three-fourths of an inch below or one-fourth of an inch above true grade, the said subgrade when rolled on Park road in front of said lots of complainant is in certain places 4½ inches and in other places 6½ inches below the finished surface of the pavement, thereby materially diminishing the strength, durability and permanency of said pavement from that required by the contract; (c) by violating the provisions of said specifications which require the construction of a template or "strike-board" to be straight and rigid, the said John Duggan so negligently, unskilfully and fraudulently constructed and used such strike-board that the same was not straight or rigid, and by the use and manipulation thereof, and with the fraudulent intent not to comply with said specifications, was able to reduce the thickness of the concrete pavement in front of the lots of complainant from five inches, as required by said specifications, to four inches, thereby materially diminishing the strength, durability and permanency of said pavement; (d) by violating the provisions of said specifications by incorporating in said concrete roadway in front of the lots of complainant a substantial number of bags of cement which were defective and had been previously condemned by the inspector of the City and County of Honolulu as unfit for use; (e) by violating the terms of said specifications relating to curbing, the same as put in being of inferior quality as to material and so negligently and carelessly laid that many of the cement joints are already badly cracked; (f) by violating the terms of said specifications which require that the surface of the concrete when laid should be kept continuously wet and completely pro-

tected from the sun by canvas covered frames; (g) by violating the terms of said specifications by not providing a planking upon which the material could be dumped before being incorporated in said roadway; that complainant on or about the 27th day of October, 1917, duly protested in writing against the methods being pursued by the said John Duggan and duly called the attention of the city and county engineer to such methods, and on the 27th and 31st days of October, 1917, with the said engineer complainant visited the premises where the work was being done by the contractor at that time and there pointed out to said engineer the particulars wherein the said contractor was violating the terms of the contract, but the said city and county engineer wilfully and negligently failed, neglected and refused to stop the work of the said contractor or to require him to live up to his said contract in the particulars aforesaid; "that in consequence thereof, and by reason of the failure of the board of supervisors of the City and County of Honolulu through their agent, the city and county engineer, to require the said John Duggan to comply with the terms of his said contract, and by their permitting the said John Duggan to continue his work while constantly and persistently violating the terms of said contract, the work and material done and supplied, in the alleged performance of said contract, and the constructing of the finished pavement or roadway were materially defective in quality, strength, durability and permanency and greatly inferior in value to the pavement or roadway called for by said contract;" that on or about the 29th day of January, 1918, the said contractor claimed to have completed and carried out the terms of his said contract in all respects and thereupon the city and county engineer reported to the board of supervisors that the work under the terms of said contract was 90% completed, and that the con-

tractor should be paid 90% of the amount due him under the terms of said contract; "that upon the date and at the time said report was made, complainant duly protested to said board of supervisors of the City and County of Honolulu against the acceptance of any portion of the work claimed to have been done under said contract and against the payment of any portion of the consideration of said contract on the ground that the same had not been carried out in accordance with its terms, but, notwithstanding said protest and in violation and in fraud of the rights of the complainant the said board of supervisors accepted the report of the city and county engineer and paid 90% of the consideration set forth in said contract to the said contractor;" that thereafter a certificate was filed with said board of supervisors by said engineer certifying that the work under said contract had been completed and that the contractor was entitled to be paid the balance of the consideration named in said contract; that complainant duly protested against the acceptance of said work on the same grounds hereinbefore set forth and that notwithstanding said protest the said work was accepted and the balance of the consideration named in said contract was paid to the contractor; that on the 29th day of January, 1918, notice was given by said board of supervisors of the total cost of the improvements in said frontage improvement district and that a public hearing would be had on the 12th day of February, 1918, when the said board of supervisors would sit as a board of equalization to receive complaints or objections respecting the total amounts and that at such hearing complainant duly protested against said proposed assessment on the ground that the work of the contractor had not been carried out in accordance with the terms of his contract and that the assessment as proposed was not just or equable and was in excess of the

special benefits accruing or to accrue by reason of the im-
provement to his property; that said protest was ignored
and denied by said board of supervisors; that thereafter
an ordinance was introduced providing for the cost of
said improvements, to the passage of which by said board
of supervisors complainant duly protested, but notwith-
standing said protest said ordinance was passed, adopted
and approved; that the said board of supervisors illegally
and without authority of law and in violation of the
rights of complainant · fraudulently permitted said con-
tractor to begin, carry on and complete said paving neg-
ligently, unskilfully and in entire disregard of the terms
of said contract in the particulars above enumerated, and
caused to be issued a warrant to said contractor in final
payment of the amount due under said contract, and the
contractor has been paid in full therefor; that on the 2d
day of March, 1918, the said board of supervisors enacted
an ordinance purporting to create a lien upon the lots of
complainant of $2.011315 per front foot toward the cost
of said improvement; that thereafter in pursuance of the
terms of said ordinance the respondent D. L. Conkling,
treasurer of the City and County of Honolulu, served no-
tice upon complainant that an assessment had been made
against the premises of complainant in the sum of
$5738.19; that the assessment roll under and by which
such assessment is sought to be levied is inaccurate, in-
sufficient, uncertain and defective; that the assessment
purported to be made against the property owners per
front foot is $2.011315, while the correct assessment
against said property owners to collect said sum of
$9359.80 would be an assessment of $1.9677 per front
foot; that the so-called corrected map does not designate
the several lots abutting upon said roads; that complain-
ant has been notified by said respondent Conkling, treas-
urer as aforesaid, that unless he shall on or before the

6th day of April, 1918; pay the amount of the assessment against his premises, or 10% thereof, as provided by law, he, the said Conkling, treasurer, will declare all of said assessment delinquent and a lien upon said premises, thereby depriving complainant of his right and option to pay the same in ten annual instalments, and that the said Conkling, treasurer, will take such steps as are necessary and requisite to enforce said lien by the sale of said premises, and that unless restrained by the court said respondent Conkling will institute such steps as are necessary and will enforce said lien and sell the property of complainant for the satisfaction thereof and that the complainant is without adequate or other remedy at law and prays that a decree be entered setting aside said assessment and that said Conkling, treasurer, be restrained and enjoined from collecting or attempting to collect said assessment and that a temporary injunction issue to the same effect.

To which bill the respondents filed a demurrer setting forth various causes, a synopsis of which demurrer is as follows: that it affirmatively appears from the copy of the plans and specifications attached to said bill that all the matters of alleged defects set forth in said bill were matters of engineering expert judgment, the application or modification of which, if any, being wholly in the discretion of the city and county engineer, subject to the approval of the board of supervisors, as shown by various paragraphs (enumerating them) of said specifications; that it does not appear from said bill that there was any actual collusion or fraud on the part of the contractor, the engineer or the board of supervisors or any of them in the administration of said contract and specifications; that "no facts are alleged showing alleged maladministration of the contract so gross as to warrant this court taking jurisdiction of said cause and granting any

equitable relief therein;" that it "affirmatively appears from said complaint that the City and County of Honolulu relying upon the right to reimburse itself by assessments in good faith has advanced the moneys and paid the contractor for the improvements in question, with the full knowledge of complainant at the time as a result of which great hardship would be done the taxpayers of said City and County by entertaining the indirect attack herein upon the performance of the contract;" "that complainant admits special benefits to his property if the contract has been substantially performed, without alleging any facts showing such gross departure from the contract as to create fraud in any person connected therewith or to give this court jurisdiction to determine the question of substantial performance in this indirect attack;" "that substantial performance or any performance of the contract is not a prerequisite under the statute to a valid assessment upon complainant's property;" and various other grounds unnecessary here to specifically enumerate.

The question presented to this court is whether or not this bill alleges sufficient facts to establish the species of fraud necessary to warrant the intervention of a court of equity as prayed and the granting of an injunction as prayed by complainant, and not whether he has sustained an injury or suffered a wrong, the remedy for which would be cognizable in some other court. We shall therefore confine ourselves solely to this issue.

The complainant alleges divers departures on the part of the contractor from the terms and specifications of the contract and also his repeated protests against the manner in which the work was being performed and the terms of the contract violated. These various departures are alleged to have been of such magnitude that the completed contract was substantially different from that en-

tered into and by reason of this difference resulted in a fraud upon the complainant, who alleges that he at divers times informed the board of supervisors of the course that he was pursuing and of his continued and persistent breach of the contract and to them protested against the dereliction of the contractor and that by reason of their ignoring or disregarding his protests they were guilty of such negligence as to amount to constructive fraud upon their part of such a nature as to vitiate the whole improvement proceedings and to confer upon a court of equity jurisdiction to annul the same. In addition to this the bill alleges illegality in the action of the board of supervisors in accepting the contract and in advancing payment before the assessment ordinance was signed by the mayor.

The acceptance of the contract by the engineer and board of supervisors must in the absence of fraud be regarded as conclusive upon the complainant. In the case of *Lawrence* v. *City of Portland,* 167 Pac. 589, the court says: "It is finally contended that the work was unskilfully done, that the provisions of the contract were disregarded by the contractor in seven respects, pointed out in the complaint, and that, as a result, the street is less desirable than if it had been constructed as required by the contract. It is alleged that the plaintiffs repeatedly protested as the work proceeded, and that notwithstanding these protests the street was accepted by the council. * * * The question is no longer an open one in this jurisdiction. * * * Findings of the council that the work has been done substantially in accordance with the contract * * * are conclusive, in the absence of fraud, unless made under an erroneous principle of law." In *Hendry* v. *City of Salem,* 64 Or. 152, the chief justice in delivering the opinion of the court says: "The principal contention is that the improvements made do not corre-

spond to the specifications in a number of particulars, and that the council fraudulently accepted the work knowing this fact. The proceedings for making this improvement seem to have been entirely regular and the council had jurisdiction to order the improvement and to enter into the contract. This being the case, mere irregularities in the method of carrying on the work will not be sufficient to release the property owners from the obligation of paying their assessments. *Wilson* v. *Salem,* 24 Or. 504 (34 Pac. 9); *Rubin* v. *Salem,* 58 Or. 91 (112 Pac. 713). The council accepted the improvement, and, in the absence of fraud, their decision that it complied with the contract is conclusive." See *Wingate* v. *Astoria,* 39 Or. 603.

No fraud on the part of the board of supervisors or of any city official is disclosed by the bill and while there may have been deviations from the specifications these deviations are not of such a gross nature as to warrant a court of equity in finding that a fraud had been perpetrated by these city officials upon the complainant and as determined by these officials, who are vested with this power and who will have to provide for the maintenance of these roads and will have to appropriate more than one-third of the cost of the improvement, there was a substantial compliance with the contract and specifications thereof, and from a careful consideration of the allegations of the complaint we are unable to discover wherein this judgment was at fault. The facts alleged are in our opinion insufficient to establish fraud of such a nature as would warrant a court of equity in granting the relief prayed upon this ground.

The complainant alleges as a further and additional ground for equitable relief that "the assessment is void because it is an assessment in excess of benefits" and "that the assessment as to him is unconstitutional and

void, being an attempt to deprive him of property without due process of law." Complainant contends in support of this allegation "that the street improvement in the contract has not been substantially performed and that the improvement is therefore much less costly and is inferior in quality and value to the improvement for which the assessment was levied." "Therefore the amount sought to be collected is in excess of benefits conferred and is illegal and void." The court having decided that there was a substantial compliance with the terms and specifications of the contract on the part of the contractor and that the finding of the board of supervisors to that effect would not be disturbed, the bill failing to show facts sufficient to establish the alleged fraud, we do not deem this contention meritorious or substantial. That "the assessment was unconstitutional and void, being an attempt to deprive him of property without due process of law." In *Davidson* v. *New Orleans,* 96 U. S. 97, cited and approved in *McCandless* v. *City and County,* 24 Haw. 524, it was held that "neither the corporate agency by which the work is done, the excessive price which the statute allows therefor, nor the relative importance of the work to the value of the land assessed, * * * nor that the assessment is unequal as regards the benefits conferred * * * are matters in which the state authorities are controlled by the Federal Constitution."

Nor can the allegation that payment was made upon completion and acceptance of the contract by the board of supervisors tend to show that such payment was fraudulent, illegal or prejudicial, nor can an irregularity of this nature, as alleged, be combined with an alleged fraudulent breach of the contract of performance for the purpose of magnifying complainant's alleged injury. We are of the opinion that the demurrer should have been sustained.

The order appealed from is reversed and the demurrer is sustained.

*W. W. Thayer* and *P. L. Weaver* for complainant.

*A. M. Cristy,* First Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, and *C. S. Davis,* Second Deputy City and County Attorney, with him on the brief), for respondents.