Argued December 23, 1896; decided March 16, 1897.

## SMITH v. MINTO.
### (48 Pac. 166.)

1. MUNICIPAL POWER TO MAKE STREET IMPROVEMENTS.—The power of a city council in the matter of street improvements is a special one and must be exercised in strict conformity with the authority conferred; thus, where a city charter gives the council power to order a street improved whenever it shall be unsafe, the street must be unsafe in fact, or the improvement will not be binding on the property owners—the resolution of the council declaring the street dangerous is not conclusive on the courts.

2. ESTOPPEL—LACK OF JURISDICTION.—Where a street improvement is undertaken without jurisdiction, the adjoining property owners are not estopped from resisting payment therefor by having failed to object while the work was in progress: *Strout* v. *City of Portland*, 26 Or. 294, applied.

From Multnomah:  LOYAL B. STEARNS, Judge.

Suit for an injunction by Milton W. Smith against John W. Minto, chief of police of Portland, to restrain the collection of a certain street assessment. Plaintiff prevailed, and defendant appealed.

AFFIRMED.

For appellant there was a brief by *Mr. Roscoe R. Giltner*, former city attorney, with an oral argument by *Mr. William M. Cake*, corporation counsel.

For respondent there was a brief over the names of *Milton W. Smith, Walter S. Perry*, and *Geo. G. Gammans*, with an oral argument by *Mr. Perry*.

Opinion by MR. JUSTICE BEAN.

This suit was brought by the plaintiff, for himself and all others similarly situated, who might become parties thereto, to restrain the collection of an assessment for grading and improving Multnomah street, between the

north line of Grover and the south line of Curry streets, in the City of Portland. The facts are that on November 18, 1891, the common council, by resolution, declared the portion of Multnomah street referred to to be unsafe and dangerous to persons and teams, and thereupon, without any petition from the property owners, proceeded to improve it at the expense of abutting property, by grading, laying sidewalks, crosswalks with box gutters, and by macadamizing the roadway the full width. The validity of the proceeding is challenged by the plaintiff, an owner of abutting property, on the ground (1) that as a matter of fact the street was not unsafe and dangerous within the meaning of the charter at the time the improvement was ordered; and (2) that, if it was, the council could only make such improvement at the expense of the property owners as was necessary to render it safe. After the issues were made up, the suit was referred to Judge Thayer, who reported that the street was not unsafe and dangerous to persons or teams, and therefore it could not be improved at the expense of abutting property without a petition. His report was confirmed by the trial court, and the city appeals.

1. The decree is clearly right. The power of a city council in the matter of street improvements is a specially delegated authority, and its acts are legal only when in strict conformity with the authority conferred. By its charter (Laws 1891, p. 823, et seq.), the City of Portland has power and is authorized to improve any street or part thereof within the corporate limits (section 94); but no such improvement can be undertaken or made without ten days' notice thereof being first given by publication in some daily newspaper published in the city, and no such notice shall be given unless the owners of one-half of the property affected by such improvement shall petition for the same (section 95). By section 120 it is provided, how-

ever, that the proceedings for the improvement of a street or part thereof may be taken without giving the notice required by section 95, whenever the owner or owners of two-thirds of the adjacent property shall in writing petition the council therefor; and, whenever any street or part thereof shall be in such condition as to be unsafe or dangerous to persons or teams passing on, along, or over the same, the council may declare that fact by resolution, and thereupon cause the improvement of such street to be made without any petition therefor. From these provisions of the charter it is apparent that the power of the city to improve a street depends upon the assent or petition of a given number of property owners, unless it is in fact unsafe and dangerous to teams passing on, along, or over the same, in which case no petition is necessary. It is not claimed that the improvement in question was made upon the petition of the property owners, and, therefore, the power of the council to proceed in the matter depended upon the fact of the street being unsafe and dangerous to persons and teams, within the meaning of the latter clause of section 120, at the time the improvement was ordered. This is a jurisdictional matter, and the findings thereon of the city council are not conclusive upon the question: 2 Dillon on Municipal Corporations (4th Ed.), § 800. Unless the street was, in fact, in such a condition, the city was without power or jurisdiction in the premises, and its proceedings are void. The referee found that there was nothing in the condition of the street to render it unsafe or dangerous, and this finding is abundantly sustained by the testimony. The evidence shows that it was an ordinary level dirt street which had become almost if not quite impassable for heavily loaded teams, on account of the traffic thereon during the rainy season, but it was in no sense unsafe or dangerous for either persons or teams. It was probably in no worse condition than any other dirt

street in the city would have been if subjected to the same amount and character of travel during the winter season, nor were persons and teams traveling thereon exposed to any more or greater danger than they would be in making a like use of any road, street, or driveway, which, by rain and constant use, had become excessively muddy. But such a condition of a street is not sufficient to authorize its improvement at the expense of adjoining property without the petition required by the charter. The general rule prescribed by that instrument is that no such improvement shall be made except upon the request of the owners of at least one-half of the property affected thereby, and the latter clause of section 120 is merely an exception to this rule, and applicable only to cases where the insecurity or danger to persons or teams from the condition of the street is such as to require attention on the part of the council to prevent serious injury or casualty. We conclude, therefore, that Multnomah street was not in such condition as to authorize the proceedings in question upon the part of the common council, in the absence of a petition from the abutting property holders.

2. Nor is there any room in this case for an application of the doctrine of estoppel, on the ground that the plaintiff made no objection to the improvement while it was in progress, because the court was without jurisdiction from the very beginning, and in such case the doctrine does not apply: *Strout* v. *City of Portland,* 26 Or. 294 (38 Pac. 126). The decree of the court below is therefore affirmed.

AFFIRMED.