THE PEOPLE *ex rel.* S. B. Raymond, County Collector,
*v.*
FRANK R. GROVER *et al.*

*Opinion filed April 24, 1903.*

This case is controlled by the decision in *People* v. *Latham*, (*ante*, p. 9.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, sustaining objections filed by appellees, and refusing judgment of sale at the July term of said court, 1902, in the matter of the application of Samuel B. Raymond, county treasurer and *ex officio* county collector of Cook county, for judgment against delinquent lands and lots for special tax No. 06, levied and assessed by authority of the village of Wilmette for the construction of a concrete sidewalk in accordance with the provisions of an ordinance, entitled "An ordinance providing for the construction of a concrete sidewalk on Wilmette avenue, and other streets in the village of Wilmette, Cook county, Illinois," passed by the president and board of trustees of said village June 17, 1900.

J. L. McKITTRICK, and GEORGE GILLETTE, for appellant.

PIERSON & PEASE, ALDEN, LATHAM & YOUNG, ELA, GROVER & GRAVES, and GEO. W. WILBUR, for appellees.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The ordinance, under which the improvement here in controversy was made, is similar in its provisions to the ordinance passed upon in the case of *People ex rel.* v. *Latham*, (*ante*, p. 9,) and the objections here to the entry of judgment as sustained by the court below, are the

same in character as the objections made in that case. The ordinance here, like the ordinance there, provides for the laying of some seven miles of cement sidewalk in the village of Wilmette, consisting of upwards of fifty disconnected pieces of sidewalk scattered throughout the whole village, but upon different streets, and in front of different lots, from those described in the ordinance in the *Latham case.* All the facts, however, disclosed by the evidence here, are substantially the same as those set forth in the other case.

In the case at bar, the objection was made that the ordinance, under which the improvement in this case was to be constructed, provided for a double improvement, and the objection was properly sustained by the trial court for the reasons set forth in the *Latham case.*

Upon the trial below, it also appeared that the number of feet of sidewalk to be laid as specified in the ordinance was about 38,000; that 17,000 feet were included in the public contract let for the construction of the work; that about 20,000 feet were constructed by the owners themselves within the time allowed by the ordinance, and that 1000 feet or thereabouts, included in the number of feet directed to be laid by the ordinance, have never been constructed at all. Where the entire cost of building a sidewalk is provided by ordinance to be apportioned to the lots abutting thereon according to their frontage, all the sidewalk provided for in the ordinance must be constructed before the bill of cost can be made out. An objection, embodying this principle, was properly sustained by the trial court, and it was properly held that the bill of cost of the sidewalks was not made out in conformity with the provisions of the statute, because it was so made out before the completion of the whole of the improvement. What is said in the *Latham case* in reference to this objection is applicable here.

Accordingly, the judgment of the county court is affirmed.                                    *Judgment affirmed.*