Argued April 13, affirmed May 1, 1917.

# FRY *v*. CITY OF SALEM.

(164 Pac. 715.)

**Municipal Corporations—Street Improvement—Notice by Recorder— City Charter.**

1.  Under Salem City Charter, Section 26, providing that the city council shall, by resolution, determine the portion of a street to be improved, and that notice to property owners must be given by the recorder by order of the council, and must specify with convenient certainty the street or part thereof proposed to be improved, the recorder is not empowered to determine what part of a street shall be improved, and any notice of street improvement given by the recorder, without the sanction of the city council, is not effective, so that a notice given by the recorder, leaving out part of the street determined to be improved by the council, was not good as to the owners adjacent to the portion of the street included in the recorder's notice.

**Municipal Corporations—Street Improvement—Error in Recorder's Notice—Cure.**

2.  Where a reference in the recorder's notice to the plans and specifications for the improvement of the street, correctly describing the extent to be improved, was made as a means to ascertain the details and kind of improvement, not to contradict or delineate the description of the portion of the street determined to be improved, the erroneous description of the extent of the street to be improved in the recorder's notice was not cured.

**Municipal Corporations — Street Improvement — Validity of Assessment—Notice—City Charter.**

3.  Under Salem City Charter, Section 26, requiring ten days' notice of intention to improve a street be given to property owners, where the notice of a street improvement published by the recorder, under direction of the city council, failed to describe correctly the portion of the street affected, omitting a certain extent thereof, the notice did not confer power or jurisdiction upon the common council to take subsequent proceedings for the improvement of the street as originally determined by it, nor to assess the costs against any of the abutting property, and its assessment was invalid.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by Daniel J. Fry and Nettie E. Fry to quiet title against the City of Salem, and to free plaintiff's property from an alleged illegal assessment and lien for a street improvement. From a decree in favor of plaintiffs, the city appeals. Affirmed.

Department 1.    Statement by MR. JUSTICE BEAN.

This is a suit to quiet title involving the validity of an assessment upon the plaintiffs' property for a street improvement.    From a decree in favor of plaintiffs, defendant city appeals.

The following proceedings appear from the record: On April 1, 1912, the common council of the City of Salem, Oregon, a municipal corporation, adopted resolution No. 781, directing the city engineer to prepare plans, specifications and estimates for the improvement of South High Street from the south line of Mill Street to the south line of Bush Street, for more than two kinds of appropriate improvements, at least one of which was to be of a nonpatentable kind; and to estimate the probable cost of each class of improvement.    On the same date the city engineer as directed filed with the city recorder plans, specifications and estimates for the improvement mentioned, which were approved by the city council by resolution No. 805, adopted by it on April 8, 1912, in which it declared its purpose and intention of making the said improvement, determined the portion of the street to be improved, and authorized and directed the recorder to give notice by publication for not less than five successive days in a daily newspaper published in the city, inviting bids for making the improvement. About April 12, 1912, the city recorder caused a notice as directed by the council to be published for six successive days in the "Daily Oregon Statesman," a daily newspaper of general circulation, published in the City of Salem.    The notice is set forth in the record.    On April 22d, bids were received by the city and filed with the recorder, among which was one by Montague-O'Reilly Company proposing to make the

improvement according to the plans and specifications adopted and on file, for the total estimated sum of $18,746.95. On April 29th the council adopted resolution No. 828, which in so far as deemed material to the issues is here set down:

"BE IT RESOLVED BY THE MAYOR AND COMMON COUNCIL OF THE CITY OF SALEM, OREGON. * * Section 2. That the council deems it expedient and proposes to improve South High Street from the south line of Mill Street to the south line of Bush Street with El Oso pavement, at the expense of the abutting and adjacent property within the said limits, said improvement to be made in accordance with the plans and specifications adopted for such improvement and on file in the office of the city recorder. Section 3. That the recorder be and he is hereby authorized and directed to publish for ten (10) days in some daily newspaper published in the city of Salem, Oregon, the following notice:

" 'Notice is hereby given that the common council of the city of Salem, Oregon, deems it expedient and proposes to improve South High Street from the south line of Mill Street to the south line of Bush Street with El Oso pavement at the expense of the adjacent and abutting property within said limits, in accordance with the plans, specifications and estimates for the improvement of said South High Street from the south line of Mill Street to the south line of Bush Street as heretofore adopted by the common council and on file in the office of the city recorder which are hereby referred to for a more particular and detailed description of said improvement, and are hereby made a part of this notice. Written remonstrances against the improvement proposed herein may be made at any time within ten (10) days from the final publication of this notice in the manner provided by the city charter. This notice is published for ten (10) days pursuant to a resolution of the common council and the date of the first publication thereof is the —— day of ——, 1912,

and the date of the final publication will be the ——
day of ——, 1912. * * ' ' "

About the 1st of May the recorder caused a certain notice of intention to improve a portion of South High Street to be published in the "Daily Oregon Statesman," reading thus:

"Defendant's Exhibit 'C.' Notice is hereby given that the common council of the city of Salem, Oregon, deems it expedient and proposes to improve South High Street from the south line of *Mill Creek* to the south line of Bush Street with El Oso pavement at the expense of the adjacent and abutting property within said limits, in accordance with the plans, * * [the remainder of the notice being in conformance with the resolution of the council].

"CHAS. F. ELGIN, City Recorder."

Thereafter a contract was entered into between the city and the Montague-O'Reilly Company for making the improvement and the work was commenced and prosecuted to completion. After the required notice the council adopted Ordinance No. 1306, assessing the share of the cost of the improvement against adjacent property, which assessment was docketed as a lien upon the respective abutting lots.        AFFIRMED.

For appellant there was a brief over the names of *Mr. Bert W. Macy,* City Attorney, *Mr. William H. Trindle* and *Mr. George G. Bingham,* with oral arguments by *Mr. Macy* and *Mr. Trindle.*

For respondents there was a brief over the names of *Mr. William P. Lord, Mr. Grant Corby* and *Mr. John A. Carson,* with oral arguments by *Mr. Lord* and *Mr. Corby.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant city sets forth all the proceedings leading up to the making of the assessment which it asserts is a valid lien upon the real property. Plaintiffs contest the sufficiency of the procedure to support the assessment and claim that the city authorities had no jurisdiction or authority to make the same. It will be observed that the notice to the property owners of the proposal to make the improvement of South High Street described the part to be paved as being "from the south line of *Mill Creek* to the south line of Bush Street," while the resolution of the common council authorizing the notice mentions that part to be improved as "South High Street from the south line of *Mill Street* to the south line of Bush Street." It is contended by counsel for plaintiffs that the notice as published was materially different from the one directed by the council and was not in conformity with the city charter; and that the recorder had no authority to publish such a notice. Bush Street is located south of Mill Street. South High Street crosses Mill Creek at right angles some three or four hundred feet south of Mill Street; hence, that much of the street designated in the resolution was left out of the notice. Mill Creek is a good-sized stream with a well-defined south line or bank. In ascertaining whether the required remonstrance to defeat the improvement could be obtained an owner of adjacent property between the "south line of Mill Creek and the south line of Bush Street" who would be governed by the notice would not take into consideration the realty adjacent to that part of the street not contained in the notice. The owners of the latter property would have no notice whatever. It is manifest, therefore, that the omission

affects the substantial rights of the property owners interested. All realty holders on the entire portion of the street to be paved have a common interest in the right to remonstrate.

The matter, however, is controlled by the city charter, Section 45 of which confers upon the city council the power and authority, whenever it deems it expedient, to improve or build any street or part thereof within the city at the expense of the owners of adjacent property. Section 26 provides in part as follows:

"The council in improving any street or streets, or any part or parts thereof within the city of Salem, Oregon, shall require from the city engineer plans, specifications and estimates for two (2) or more kinds of appropriate improvements at least one of which must be of a non-patentable kind, and the city engineer shall file said plans, specifications and estimates in the office of the city recorder of the city of Salem, Oregon. If the council shall find such plans, specifications and estimates to be satisfactory it shall approve the same, and shall determine the limits of the street proposed to be improved, and the council shall, by resolution declare its purpose and intention of making said improvement and determine the portion of the street to be improved. * * Provided, that no grade or improvement mentioned in this section or in section 25, except the original establishing of the grade, can be made without ten (10) days' notice thereof being first given by publication in some daily newspaper published in the city of Salem, Oregon; Provided, however, in case of the improvement of any street or any part thereof, such notice shall not be required to be published until the council has determined the kind and character of the improvement to be made as herein specified. * * "

The next section reads thus:

"Section 27. (What Notice Must Specify.) Such notice must be given by the recorder, by order of the council, and must specify with convenient certainty the

sewer or street, or part thereof, proposed to be improved, or of which the grade is proposed to be established or altered, and the kind of improvement which is proposed to be made.   (S. L. 1901, p. 284.)''

It is argued by counsel for the city that the notice as published is good as to the owners of property adjacent to the portion of the street described, which would include the plaintiffs.  By the plain mandate of the charter the city council shall by resolution ''determine the portion of the street to be improved''; and, further, ''such notice must be given by the recorder by order of the council'' and must specify with convenient certainty the street or part thereof proposed to be improved.   The recorder is not empowered to determine what part of a street shall be improved, and any notice of street improvement given by that official without the sanction of the city council is not effective.   It is further claimed on behalf of the city that as the notice refers to the plans, specifications and estimates for the improvement of ''said South High Street from the south line of Mill Street to the south line of Bush Street'' on file in the office of the city recorder, the erroneous description is cured.  Reference to the plans and specifications appears to be made in the notice as a means of ascertaining the details and kind of improvement and not in order to contradict or delineate the description of the portion of the street determined to be improved.   It will also be seen by reading the charter that in the regular order indicated the part of the street proposed to be paved would be determined after the plans and specifications were filed and would not necessarily be of the same extent as indicated therein.   The plans and specifications were not referred to in the notice as a part of the description of the street nor for the purpose of aiding the property owners in determining the property to be

affected by the improvement.  The notice in question
is not similar to the one in *Rogers* v. *City of Salem,*
61 Or. 321, 325 (122 Pac. 308).  The notice as pub-
lished was not authorized by the common council, and
did not confer power or jurisdiction upon that body
to take the subsequent proceedings for the improve-
ment of South High Street from the south line of Mill
Street to the south line of Bush Street, nor to assess
the cost thereof against any of the abutting property.
The assessment was invalid.  The adjacent property
owners are entitled to know what portion of the street
is proposed to be improved in order to give them an
opportunity to remonstrate.  The requirement of the
city charter that ten days' notice of intention to im-
prove a street be given to the property owners must be
complied with by the city authorities before the council
has jurisdiction to make the improvement at the ex-
pense of the abutting property owners: Sections 43
and 44, Rev. Charter City of Salem, as amended De-
cember 4, 1911; *Paulson* v. *Portland,* 16 Or. 450 (19
Pac. 450, 1 L. R. A. 673, 149 U. S. 30, 37 L. Ed. 637, 13
Sup. Ct. Rep. 750); *Ladd* v. *Spencer,* 23 Or. 193 (31
Pac. 474); *Smith* v. *Minto,* 30 Or. 351, 354 (48 Pac.
166); *Bank of Columbia* v. *Portland,* 41 Or. 1 (67 Pac.
1112); *Jones* v. *City of Salem,* 63 Or. 126 (123 Pac.
1096); *Johns* v. *City of Pendleton,* 66 Or. 182 (Ann.
Cas. 1915B, 454, 46 L. R. A. (N. S.) 990, 134 Pac. 312);
*Dyer* v. *Bandon,* 68 Or. 406 (136 Pac. 652); *Watson* v.
*City of Salem,* 84 Or. 666 (164 Pac. 567).  This conclu-
sion renders it unnecessary to consider several irregu-
larities complained of.  The decree of the lower court
will therefore be affirmed.                AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON
and MR. JUSTICE HARRIS concur.