( 'Argued April 16, modified April 30, 1918.

## MANLEY v. CITY OF MARSHFIELD.*

### (172 Pac. 488.)

**Appeal and Error—Assignment of Error—Scope.**

1. An assignment that "the court erred in failing to decree the said assessments void, and in failing to remove the cloud thereof from the title of plaintiffs' real property," was sufficient to raise the question of the validity of such assessments on any ground set up in the complaint.

**Municipal Corporations—Paving—Notice—Sufficiency.**

2. A notice, the council "deems it expedient and necessary to improve, * * *" was sufficient notice that paving was "proposed" within Marshfield City Charter, Sections 49, 50, providing for notice of improvements proposed to be made.

**Municipal Corporations—Local Assessments—Injunction—Relief.**

3. In suit by several property owners to enjoin collection of local assessments, only matters affecting all of them can be litigated, and an injunction will not be granted on the ground that the lot of one of them is shorter than the others, and that the front-foot rule was unfair.

---

*As to assessment for improvement by the front-foot rule, see note in 28 L. R. A. (N. S.) 1125; particularly as to the land owner's right to notice and a hearing, see note, p. 1201.        Reporter.

**Municipal Corporations—Local Assessments—Time for Objections.**

4.  A property owner who did not appear at a meeting called on due notice to equalize assessments for paving cannot afterward object that the front-foot rule used was unfair to him; in that his lot was shorter than the others.

**Pleading—Admissions in Answer.**

5.  An admission in an answer that an ordinance provided for improvement of the entire width of a street, and that certain owners had been permitted to have their property approached by a gradual slope from the inner line of the sidewalk to the lot line was not an admission of an allegation in the complaint that the street had been improved for only a portion of the prescribed width.

**Municipal Corporations—Paving—Notice—Assessments—Injunction.**

6.  A notice that paving is to extend a certain distance is jurisdictional, and where a material part is abandoned property owners may enjoin collection of assessments, and the city council cannot accept the work.

**Municipal Corporations—Paving Assessments—Abandonment—Cancellation.**

7.  Where action was brought to enjoin part of paving, and the city unreasonably delayed litigating the matter, or in doing the work promptly on removal of legal obstacles, assessments for the completed part should be canceled on the ground of abandonment, and granting of an injunction only until the city should complete the work was insufficient, because if the city should never do the work the assessments would remain a cloud on the title.

> [As to time within which special or local assessment must be made, see note in Ann. Cas. 1917F, 137.]

**Municipal Corporations—Improvements—Contracts.**

8.  In the absence of statutory direction to the contrary, a city may make an improvement through more than one contract.

**Municipal Corporations — Paving — Abandonment—Avoidance of Assessment.**

9.  If by reason of error or mistake a city is unable to complete a part of proposed paving called for by ordinance and notice, it will be held to have abandoned it, and the collection of assessments levied for the work done will be enjoined.

From Coos: JOHN S. COKE, Judge.

Department 2.

This is a suit brought to enjoin the City of Marshfield and its recorder and marshal from enforcing some municipal liens for the improvement of Fourth Street South, in that city, from the south line of Elrod Avenue to the south line of Railroad Addition to Marshfield.

The decree of the Circuit Court enjoined such enforcement "until the completion of the improvement." Plaintiffs appeal.                    MODIFIED.

For appellants there was a brief and an oral argument by *Mr. Harry G. Hoy.*

For respondents there was a brief and an oral argument by *Mr. James T. Brand.*

McCAMANT, J.—1. Defendants contend that plaintiffs' assignments of error are insufficient to raise the questions relied on. The ninth assignment is as follows:

"The court erred in failing to decree the said assessments void; and in failing to remove the cloud thereof from the title of plaintiffs' real property described in the complaint."

This assignment is sufficient within the rule announced in 2 R. C. L. 163; 3 C. J. 1349, and *Hayden* v. *Astoria,* 84 Or. 205, 210, 211 (164 Pac. 729).

2. It is next contended that the notice of intention to improve is insufficient. The requirements of the charter on the subject of this notice are as follows:

"Section 49. No grade or improvement mentioned in the preceding section can be undertaken or made without ten days' notice thereof being given by publication in some newspaper published in the City of Marshfield, or by posting notices thereof in three public places in said city, except as herein otherwise provided.

"Section 50. Such notice must be given by the Recorder or order of the Council, and must specify with convenient certainty the street or part thereof proposed to be improved, or of which the grade is proposed to be established or altered, and the kind of improvement which is proposed to be made."

The notice posted is objected to only on the ground that it stated, "the Common Council of the City of Marshfield, Coos County, Oregon, deems it expedient and necessary to improve * * ." Plaintiffs contend that this language is not equivalent to a notice that the council proposes to improve. While the notice given must comply with the statutory requirements, no particular form is essential: *Bank of Columbia* v. *Portland,* 41 Or. 1, 7 (67 Pac. 1112). The language used was sufficient to apprise a man of ordinary intelligence that the specified improvement was contemplated and this is all that was required.

3. It is objected on behalf of the plaintiff A. B. Manley that his assessments are unfair because they are based on the front-foot rule and Manley's property has a depth of sixty feet only, which is less than that of most other property owners who are charged with liens for the improvement. It is held in *Hendry* v. *Salem,* 64 Or. 152, 154 (129 Pac. 531), and *Smith* v. *Jefferson,* 75 Or. 179, 196 (146 Pac. 809), that where a number of plaintiffs come into equity for relief against local assessments levied for municipal improvements, the city will be enjoined only on grounds which all the plaintiffs are entitled to urge. The above contention is pertinent only to the controversy between the plaintiff Manley and the city; it cannot be litigated in this suit.

4. It appears, furthermore, that on May 8, 1913, the council resolved to meet on June 2, 1913, to equalize and adjust these assessments and that on May 21, 1913, notice of such meeting was posted in three public and conspicuous places in the city and remained so posted for ten days thereafter. The meeting for purposes of equalization was held but the plaintiff Manley failed to appear. No remonstrance was filed and the objec-

tion now urged was not presented until this suit was brought on November 28, 1913. In the meantime the work had been completed, except as hereinafter stated. The plaintiff Manley cannot now be heard to say that the cost of the improvement has been unfairly apportioned among the property owners interested: *Wilson* v. *Salem,* 24 Or. 504, 511 (34 Pac. 9, 691); *Wingate* v. *Astoria,* 39 Or. 603, 604 (65 Pac. 982); *Houck* v. *Roseburg,* 56 Or. 238, 243 (108 Pac. 186); *Rogers* v. *Salem,* 61 Or. 321, 338 (122 Pac. 308).

5. The next objection urged is based on the following allegations of the complaint:

"The said ordinance also provided for the improvement of the said street for the entire width thereof, whereas the same was and is improved only for a portion of the width and certain of the property owners owning property abutting thereon have been permitted to cause their property to be approached by a gradual slope from a point about twenty feet from the west line of the street, to the great damage of these plaintiffs and other persons owning property abutting upon said Fourth Street South."

The answer denies all portions of the complaint which are not affirmatively admitted. The admission applicable to the foregoing allegations is as follows:

"That the said ordinance provided for the improvement of the said street for the entire width thereof and that certain of the property owners owning property abutting thereon have been permitted to cause their property to be approached by a gradual slope."

Plaintiffs have offered no evidence to sustain the issue raised by this branch of the case and rely wholly on the admissions of the pleadings. The answer does not admit that the street has been improved for a portion only of the prescribed width. It appears that the street in question is eighty feet wide. The smooth sur-

face paving and concrete curbs cover twenty-four feet of this width. On each side of the street are three feet of parking and six feet of sidewalk. Between the inner line of the sidewalk and the property line there is therefore a space of nineteen feet. The property owners may have used this space for a gradual approach to their property without interference with the improvement in any manner. Plaintiffs have failed to establish that in this respect a part of the contemplated work has been abandoned.

6. The remaining contention of plaintiffs is that on which they chiefly rely. At the suit of Southern Pacific Company, an interested property owner, the city was enjoined June 30, 1913, from proceeding with so much of the improvement as lay between the south line of Kruse Avenue and the south line of Railroad Addition to Marshfield. It is admitted that this portion of the work has not been done and although the injunction issued is a temporary one, it seems to have been in force when the case was tried February 4, 1916. There is evidence that certain owners of property north of Kruse Avenue would have remonstrated against an improvement terminating at that point. The notice posted described an improvement extending from the south line of Elrod Avenue to the south line of Railroad Addition. This notice was jurisdictional: *Rubin v. Salem,* 58 Or. 91, 94 (112 Pac. 713) ; *Jones v. Salem,* 63 Or. 126, 128, 131, 132 (123 Pac. 1096) ; *Johns v. Pendleton,* 66 Or. 182, 196 (133 Pac. 817, 134 Pac. 312, Ann. Cas. 1915B, 454, 46 L. R. A. (N. S.) 990) ; *Fry v. Salem,* 84 Or. 184, 191 (164 Pac. 715). The improvement as made did not conform to the notice. A material part of it had been omitted up to the time when the case was tried.

It is well settled that a street improvement is an entirety. While the council has power to accept work as a compliance with the contract (*Duniway* v. *Portland,* 47 Or. 103, 112 (81 Pac. 945); *Hughes* v. *Portland,* 53 Or. 370, 385 (100 Pac. 942); *Rubin* v. *Salem,* 58 Or. 91, 97 (112 Pac. 713); *Hendry* v. *Salem,* 64 Or. 152 (129 Pac. 531); *Lawrence* v. *Portland,* 85 Or. 586, 594 (167 Pac. 587), the council cannot accept work which palpably and confessedly does not cover the ground prescribed by the contract: *Berwind* v. *Galveston & H. Inv. Co.,* 20 Tex. Civ. App. 426 (50 S. W. 413). An abandonment of a material portion of the improvement specified will avoid the assessments: 28 Cyc. 1008, 1009; Hamilton's Law of Special Assessments, 463; *People* v. *Grover,* 203 Ill. 24 (67 N. E. 165); *St. John* v. *East St. Louis,* 136 Ill. 207 (27 N. E. 543). A substantial departure from the scope and extent of the improvement as defined in the notice will entitle the property owners to enjoin the collection of the assessments: *Dougherty* v. *Hitchcock,* 35 Cal. 512, 523; *Stockton* v. *Whitmore,* 50 Cal. 554; *McBean* v. *Redick,* 96 Cal. 191 (31 Pac. 7); *Fry* v. *Salem,* 84 Or. 184, 188 (164 Pac. 715). The parties interested may favor an improvement as an entirety and be opposed to the making of a part of the improvement. It is unfair to give notice of an improvement which will appeal to property owners as likely to enhance the value of their property and to abandon a part of the improvement after the time for remonstrance has expired.

7–9. The Circuit Court was impressed with the importance of these considerations. Its decree restrained the collection of these assessments until the completion of the improvement. Is this relief adequate to the rights of plaintiffs? Can it be said on this record that the city has abandoned the improvement of that por-

tion of the street lying south of Kruse Avenue? In the absence of statutory direction to the contrary, the city may make the improvement through more than one contract: 28 Cyc. 1038, 1039; 1 Page and Jones on Taxation by Assessment, 523.

We think the relief granted plaintiffs falls short of that to which they are entitled. The decree empowers the city to keep the proceeding in its present situation indefinitely. While the city cannot collect these assessments, the title of plaintiffs remains clouded by them. They interfere with the sale and encumbrance of plaintiffs' property. The record in the suit brought by Southern Pacific Company is not before us. If the claims of this litigant are meritorious they are based on some error or mistake for which the city is responsible. If by reason of such error or mistake the city is unable to complete the improvement called for by its ordinance and by the notice posted pursuant thereto, it should be held to have abandoned the portion of the improvement not carried out. In any event it was the duty of the city to litigate the injunction suit with the Southern Pacific Company within a reasonable time. The courts are open for the transaction of business and it was within the power of the city to press this suit to decree without undue delay. The city is also chargeable with the duty of completing the improvement promptly on the removal of the legal obstacles thereto. If the city is in default in either of these respects it should be held to have abandoned the improvement south of Kruse Avenue. If this portion of the improvement has been abandoned, plaintiffs are entitled to the cancellation of the assessments. No reason is suggested by the record which would excuse the city from disposing of the injunction suit and completing the work within the time which elapsed between

June 30, 1913, when the preliminary injunction was granted, and February 4, 1916, when the case was tried. But this question has not been briefed or argued and there may be matters relevant to its determination which are not presented by this record. The decree of the Circuit Court will therefore be modified so as to provide that the decree is without prejudice to the right of plaintiffs to move for the cancellation of the assessments in question on proof that a reasonable time has expired to terminate the litigation and complete the improvement specified. Plaintiffs will recover costs in this court.                                    MODIFIED.

McBRIDE, C. J., and MOORE and BEAN, JJ., concur.