Argued April 19; affirmed June 14, 1932.

## CITY OF ASTORIA *v.* DOUGLAS LAND CO.

### (12 P. (2d) 307)

*A. L. Veazie,* of Portland (J. F. Hamilton and Veazie & Veazie, of Portland, on the brief), for appellant.

*J. L. Hope,* of Astoria (J. C. Sparks, of Astoria, on the brief), for respondent.

■ BELT, J. This is a suit to quiet title to lots 9, 10, 11, and 12, in block 132, Shively's Addition to the city of Astoria. The alleged title of the city is based upon: (1) The foreclosure of certain liens for special assessments levied against the property in 1912, 1915, and 1917, in which proceedings deeds were acquired by the city; and (2) a deed executed by Clatsop county to the city when the latter was a purchaser at a sale, in 1927, to satisfy delinquent general taxes for the years 1917, 1918, and 1919. The Douglas Land Company asserts that it is the owner in fee of a five-sixths interest in the property and challenges the validity of the special assessment proceedings under which the city claims title. It also contends that the deed from Clatsop county to the city is void for certain reasons which will be hereafter discussed. During the time the special assessment proceedings were pending the Douglas Land Company made no objections to the improvements. It comes now for the first time, after a lapse of many years and after the property has been improved, to challenge the validity of these special assessment proceedings. If there ever was a case where the doctrines of laches and estoppel should be invoked it is this one. It is the settled law of this state and many other jurisdictions that, where jurisdiction to improve property has been obtained by a municipality, a property owner who has knowledge of such improvements and makes no objection thereto until after the work is completed will not be heard to question the regularity of the proceedings: *Wingate v. City of Astoria,* 39 Or. 603 (65 P. 982); *Manley v. City of Marshfield,* 88 Or. 482 (172 P. 488); 44 C. J. 486, and numerous authorities cited therein.

We are not unmindful that some of the objections of the defendant landowner go to the jurisdiction of

the city to levy special assessments for the purpose of making the improvements in question and, if the same were tenable, such proceedings would be void and the doctrines of estoppel and laches would have no application, but since the title of the city may be based solely on the deed to it from Clatsop county, it is not necessary to consider such objections.

However, defendant asserts that the deed from Clatsop county to the city, although admitted without objection except "subject to the charge of fraud," is of no force and effect for the reasons: (1) That the tax foreclosure sale was not held at the front door of the courthouse as required by statute; (2) that the publication of the tax summons was made in two newspapers whereas it should have been published in only one newspaper; and (3) the deed transferred no title since it was executed by the county court and not by the sheriff as required by statute.

The first contention is without merit as the sale took place in the lobby of the courthouse at a distance of about 40 feet from the front door, and the president of the defendant land company, who was present, made no objections thereto. To invalidate this sale by reason of such objection might well subject the court to the charge that we still worship at the shrine of technicality. Concerning the matter of the publication of the tax summons or notice, it would seem that this objection is based not upon insufficient notice but rather upon the proposition that defendant had too much notice of the proposed tax sale. Neither do we think defendant is in a position, in view of its objection to the admission of the deed, to urge that it passes no title to the city. Indeed, it was stipulated at the commencement of the trial that the deeds to the city constituted a prima facie case of title.

It is urged that the city cannot be decreed to be the owner of the lands in question for the reason that, in a stipulation dictated by counsel for the city at the commencement of the trial, it was admitted that the Douglas Land Company was the owner in fee of an undivided five-sixths interest therein. From an examination of the record, it is quite apparent that such admission was made through inadvertence and when the entire stipulation is considered, there can be no doubt that the question of title was the sole issue for the determination of the court. The record discloses the following statement of counsel for plaintiff made at the conclusion of the stipulation: ''We admit these facts, and you admit the other facts. From those facts, it is up to the court to say who is the owner of this property. I think that covers all of it. Under that stipulation, we have stipulated all the facts of our complaint, now whether or not those facts of our complaint are subject to their defense and that our title would be voided by reason of the defense, is the sole question the court has to decide.''

The decree of the lower court sustaining the title of the city of Astoria to this property is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.