Argued July 13, demurrer sustained July 27, costs retaxed September 21, rehearing denied September 28, 1926.

## SAMUEL R. BENNETT ET AL. *v.* CLARENCE N. YOUNG, SHERIFF.

(248 Pac. 157.)

**Municipal Corporations.**

1. Where charter provided two methods for construction of sewers, council's decision as to method to be followed, being legislative, will not be reviewed.

**Municipal Corporations.**

2. Where sewer and water system has been completed and bonds issued, court, in action to determine validity of tax to pay interest on bonds, will not inquire into regularity of proceedings.

**Municipal Corporations.**

3. In proceeding to determine validity of tax to pay interest on improvement bonds, objection that assessments were not according to benefits *held* not to go to jurisdiction of city to make improvements.

Drains, 19 **C. J.**, p. 729, n. 54.

Original proceeding in *mandamus*.

DEMURRER SUSTAINED.    COSTS TAXED.    REHEARING DENIED.

For plaintiff, *Mr. C. B. McConnell* and *Mr. Percy A. Cupper.*

For defendant, *Mr. J. W. McCulloch, Mr. J. S. Cook* and *Janet R. White.*

BELT, J.—This is an original *mandamus* proceeding instituted by relators, who are residents and taxpayers of the City of Burns in Harney County, to compel the sheriff of that county to issue to them a tax receipt in full payment of taxes tendered and alleged to be due. The question involved is the validity of an assessment made by the city to pay interest due on bonds having a par value of $280,000 issued for

the purpose of constructing a ."consolidated water and sewer system." The amount of taxes tendered did not include assessment of $47.71 levied against property of relators to pay interest on such bonded indebtedness, it being their contention that the proceedings had by the city relative thereto were null and void.

In the amended charter adopted by the people of the City of Burns in August, 1924, there are two methods provided for the construction of sewers. Sections 89, 90 and 91 of the charter provide for what might well be designated as the "district plan," where the cost of the improvement is assessed upon the property benefited.

Chapter XVI of the charter provides for "Consolidated Water Works and Sewer System."

"Section 98.  The Common Council of the City of Burns shall have power to purchase, erect, construct and maintain, within or without the city limits, a consolidated system of waterworks and sewers, sufficient to meet the needs and requirements of the City of Burns, and its inhabitants, and to this end shall have power to employ such engineers, expert advisors, assistants or contractors as it may deem fit to make surveys and estimates for the construction of such works or systems; may enter upon private property for the purpose of making preliminary surveys and observations; may employ such superintendent for the construction of such works, and all matters connected therewith, as it may see fit, or may let the same by contract in such manner as may be prescribed by ordinance; may control and regulate the works and the use of water when such works have been established and may fix the rates for use thereof and provide for the collection of such rates.

"Section 99.  For the purpose of carrying out the provisions of this act, the Common Council is authorized and empowered to issue the negotiable general obligation coupon bonds of the City of Burns in the

principal sum of not to exceed $280,000, exclusive of all bonds heretofore issued by and on behalf of the City of Burns; said bonds shall be denominated 'Water and Sewer General Obligation Bonds of the City of Burns,' shall bear interest not exceeding six per cent per annum, payable semi-annually, shall run for such length of time not exceeding twenty-five years, shall be in such denomination, and shall be sold in such manner as may be determined by the Common Council; it shall be the duty of said Common Council each year at the time of making the annual tax levy for City purposes, to include a sum sufficient to pay interest on the outstanding bonds of this issue, and to retire the principal thereof at maturity; said bonds when issued, shall be exempt from all taxation, and shall be the valid, binding and subsisting obligations of said City, and neither said bonds, nor the indebtedness evidenced thereby shall ever be open to contest by said City, or any of its officers or by any person or association for or on its behalf, for any reasons whatsoever.''

The common council proceeded under the method as provided in Sections 98 and 99 of the charter and constructed a ''consolidated water works and sewer system'' which, in its opinion, was ''sufficient to meet the needs and requirements of the City of Burns and its inhabitants.''

1. There is no merit in petitioners' contention that the council should have proceeded under the ''district plan.'' The selection of the charter method was a matter of discretion vested in the common council. It was a legislative question for the council to determine and its decision in that respect will not be reviewed.

2. The bonds have been issued and the improvements completed. Under such circumstances and especially in an action of this character, we will not

119 Or.—23

inquire into the regularity of the proceedings. In our opinion, the primary question involved is: "Did the city under its charter have the power so to act?" This is answered in the affirmative.

3. The objection that the assessments were not made according to benefits does not go to the jurisdiction of the city to make the improvements: *Houck* v. *City of Roseburg*, 56 Or. 238 (108 Pac. 186); *Wingate* v. *Astoria*, 39 Or. 603 (65 Pac. 982). In the case last cited the specific objection was made that "the local assessments were not in fact made according to benefits," but the court held such not to be a jurisdictional matter.

Relators' cause is predicated wholly on the failure of the council to follow the other method provided by charter, but, as above stated, the selection of the improvement plan was purely a legislative question.

The demurrer to the alternative writ is sustained.

DEMURRER SUSTAINED. COSTS TAXED. REHEARING DENIED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.